# Hill *versus* Hill's Administrator.

A marriage certificate, coupled with proof that it was produced by the husband, and read to the witness as a certificate of his marriage, is evidence, in an action by the wife against the husband's administrator, not of the fact of a marriage, but of the husband's acknowledgment of it.

The declarations of the husband are not admissible to disprove his marriage.

Proof of the name by which the wife was called in the neighbourhood, is not evidence to disprove the marriage; there having been no attempt to prove the marriage by reputation.

In an action against an administrator for refusing to appraise and set apart $300 worth of property for the use of the widow, the heirs of the intestate are competent witnesses for the defendant.

And so are the sureties in the defendant's administration bond.

A widow has a right to have $300 worth of property set apart for her, whether the estate be solvent or insolvent.

It is no reason for the rejection of evidence of a fact, that it is insufficiently set out in the declaration.

ERROR to the Common Pleas of *Tioga county.*

This was an action on the case by Huldah Hill, the widow of Burdick Hill, deceased, against Daniel Hill, the acting administrator of the said Burdick Hill, for wrongfully refusing to set apart for the use of herself and family, $300 worth of the real estate of the said decedent.

The principal question raised on the trial was, as to the proof of the plaintiff's marriage to the defendant's intestate; in respect to which, numerous exceptions were taken by the defendant.

1. The plaintiff offered in evidence her marriage certificate, dated the 29th September 1854, accompanied with proof that the intestate had produced and read it to his brother as a certificate of his marriage.    The following is a copy of the certificate :—

[Hill *v.* Hill's Administrator.]

"MARRIAGE CERTIFICATE.

"I hereby certify that Burdick Hill, of Chatham, county of Tioga, and state of Pennsylvania, and Huldah Woodcock of same place, were lawfully joined together in the bonds of matrimony by me, on the 18th day of July, A. D. 1854.

"A. M. HARRIS, J. P.

"Chatham, Sept. 29th 1854."

The court admitted the evidence, notwithstanding an objection by the defendant, and sealed a bill of exceptions.

2. The plaintiff then offered in evidence the following notice to the defendant:—

"To Daniel Hill, administrator of the estate of Burdick Hill, deceased. Please take notice, that Huldah Hill, widow of the late Burdick Hill, claims three hundred dollars from the estate of her late husband, situate in Chatham township, county of Tioga, and state of Pennsylvania, called the Old Hill Farm; and you are hereby notified and requested to have the property appraised as provided by the Act of Assembly passed the 9th day of April, A. D. 1849, to see if it can be set apart without material injury to the remainder of the real estate.          HENRY SHERWOOD,

"Jan. 30th 1856.          Attorney for Huldah Hill."

The defendant's counsel objected to the admission of this notice, on the ground that it was not set out accurately in the *narr.*; that no date was given to it as set out; and because the *narr.*, in stating the plaintiff's cause of action, omitted to state when it occurred. The court overruled the objection, and the defendant excepted.

3. The defendant offered to give evidence of declarations of the intestate, to disprove his marriage with the plaintiff. The court overruled the offer, and the defendant excepted.

4. The defendant then offered to prove that the plaintiff had always been called in her neighbourhood, by the name of Mrs. Woodcock, and not by the name of Hill. The court overruled the offer, and the defendant excepted.

5. The defendant then called one R. W. Toles as a witness, who was interested in the decedent's estate, as the husband of one of his daughters, and heirs at law; and who was also one of the sureties in the defendant's administration bond. The plaintiff objected to his competency, and the court sustained the objection, and sealed a bill of exceptions.

6. The defendant offered as a witness Eddy Howland, who was one of the sureties in a bond given by the defendant under an order for the sale of the intestate's real estate. The court rejected the witness, and the defendant excepted.

7. The defendant offered in evidence a list of articles of personal property said to have been retained by the defendant, and

[Hill v. Hill's Administrator.]

referred to in his account filed in the Orphans' Court, with the plaintiff's exceptions thereto, which were subsequently withdrawn; in order to show that the plaintiff had retained so much on account of the $300 allowed by law. This was objected to by the plaintiff as irrelevant, and not tending to prove that the plaintiff had received the articles in question. The court sustained the objection, and the defendant excepted.

8. The defendant offered as a witness John Hill, one of the heirs at law of the intestate. The court rejected the witness, and the defendant excepted.

9. The defendant then offered to prove by R. Toles, that he wrote to A. M. Harris, asking if he married Burdick Hill to Huldah Woodcock, and Harris's reply that he never did marry them, and never gave a certificate to that effect. The court overruled the offer, and sealed a bill of exceptions.

10. The plaintiff then offered to prove the solvency of the intestate's estate. To which the defendant objected, but the court admitted the evidence, and sealed a bill of exceptions.

There was a verdict and judgment for the plaintiff for $347.10, whereupon the defendant sued out this writ, and here assigned for error the several matters specified in his bills of exception.

*Guernsey, Lowrey & Wilson*, for the plaintiff in error.

*Sherwood* and *H. W. Williams*, for the defendant in error.

The opinion of the court was delivered by

STRONG, J.—Had the certificate of the marriage been offered by itself, it would not have been admissible. But it was offered in connection with the testimony of a witness, that Burdick Hill had exhibited it as a certificate of his marriage, had stated that he got it from the magistrate, and had read it to the witness. Taken in that connection, it was properly received, as furnishing some evidence, not of the marriage, but of Hill's acknowledgment of the alleged marriage.

The notice to the administrator was also admissible in evidence. The want of an averment in the declaration of a day certain when the alleged injury was done, was no reason for rejecting evidence. The defendant had the means of compelling such an averment, but he could not do it by resisting the introduction of evidence to support the averments that were made. The substance of the notice was laid with sufficient accuracy in the declaration.

We do not perceive upon what principle Burdick Hill's declarations in denial of the marriage could have been admitted, nor was it erroneous to exclude the testimony offered of what people called the plaintiff in the neighbourhood, or of what she was always called. There had been no attempt to prove the marriage by

[Hill *v.* Hill's Administrator.]

reputation. The testimony was not, therefore, to meet anything which had been proved by the plaintiff. We do not enter upon the doubtful question, whether marriage can be proved or disproved by reputation. It has been asserted that it can be, and in one case it was perhaps so ruled; Evans *v.* Morgan, 2 *C. & J.* 453. But it will be found, on the examination of the cases relied upon to support the doctrine, that the evidence received was not of reputation, but of independent facts from which a marriage might be inferred. The evidence offered here was, of the declarations of persons who might themselves have been called as witnesses.

The seventh and ninth exceptions also cannot be sustained. We think, however, that the court erred in rejecting R. W. Toles, Eddy Howland, and John Hill, witnesses called on the part of the defendant. It was supposed, that they were interested, either as heirs of Burdick Hill, or as bail in the defendant's administration bond, or in his bond given when the order to sell the real estate was committed to him. The action was brought against the defendant, not for any debt or tort of his intestate, but for his own tort. Of course, the judgment must have been *de bonis propriis*, and could not have been paid out of the decedent's estate. The heirs therefore had no interest in the question. For the same reason, the bail in the administration bond and Orphans' Court bond were competent. Their suretyship did not extend to the personal tort of the defendant, and they would not be affected by any verdict or judgment that could be recovered in this suit.

We think also, that the tenth assignment of error must prevail. It was perfectly immaterial, whether the estate of Burdick Hill was solvent or not. If the plaintiff was his widow, her rights were paramount to those of the creditors, and none the greater because the estate was solvent.

The judgment is reversed, and a *venire de novo* awarded.