THE PEOPLE OF THE STATE OF NEW YORK, RESPOND-ENT, *v.* HARRY M. CRAWFORD, APPELLANT.

*Crimes — bigamy — effect, under a New Jersey statute declaring it void, of a marriage while a former wife is living — when a marriage certificate is evidence — res gestæ.*

An indictment for bigamy charged that the defendant, on June 30, 1887, at Newark, New Jersey, married one Lane, and that while she was his wife he, on August 30, 1890, at Esopus, New York, married one Du Bois. The New Jersey statute relative to divorces, among other things, provides "that all marriages, where either of the parties shall have a husband or wife living at the time of such marriage, shall be invalid from the beginning and absolutely void,

and the issue thereof shall be deemed to be illegitimate and subject to the legal disabilities of such issue."

The defendant offered to prove that when he married Lane he was the husband of one Butler, who was then living, and upon this ground claimed that his marriage to Lane was void under the New Jersey statute, and that his subsequent marriage to Du Bois did not constitute bigamy.

*Held,* that his marriage to Lane having taken place in New Jersey its validity must be determined by the laws of that State.

That its statute must be taken to mean that said marriage was absolutely void, although there was no decree of divorce or other legal process.

That an informal certificate offered in evidence by the defendant, purporting to be that of the marriage of the defendant to Butler, signed by one Ray, and as to which the defendant testified that it was his marriage certificate, and that Ray, who was pastor of an Episcopal church in Harlem, had handed it to him, was properly excluded.

That as said certificate was not a substantial compliance with the statute, and as its execution was not sufficiently proved, it was not competent evidence either as a certificate or as a part of the *res gestæ.*

APPEAL by the defendant Harry Mortimer Crawford from a judgment of conviction of the crime of bigamy, rendered against him by a Court of Sessions held in and for the county of Ulster on the 9th day of March, 1891, with notice of an intention to bring up for review upon such appeal an order overruling a demurrer herein, and all intermediate orders.

The indictment charged that on the 30th day of June, 1887, at the city of Newark, in the State of New Jersey, the defendant was married to Laura Ann Lane, and that while the said Laura Ann Lane was still living, and while he was married to her, that the defendant, on the 31st day of August, 1890, at Esopus, in Ulster county, N. Y., married one Leona Du Bois. The defendant pleaded not guilty to the indictment and the case was transferred from the Oyer and Terminer to the Ulster County Sessions, where a conviction was had from which the defendant appeals.

*G. D. B. Hasbrouck,* for the appellant.

*John N. Vanderlyn,* for the respondent.

MAYHAM, J. :

The defendant, before pleading to the merits of the indictment, demurred to the same, alleging several grounds of demurrer, which demurrer was overruled. But no point is made on this appeal on

the demurrer, and it, therefore, requires no discussion here, and, so far as appears, the demurrer was properly disposed of by the trial judge. The first ground urged by appellant for the reversal of this conviction is that the defendant's alleged marriage in New Jersey to Laura Ann Lane. was void under the laws of New Jersey, where it occurred, by reason of his previous marriage to one Beatrice Vulcan Butler, who at the time of his alleged marriage to Lane was living and his lawful wife; and that bigamy could not be predicated upon his marriage with Leona Du Bois after the alleged marriage with Lane, for the reason that that marriage was absolutely void, and constituted, therefore, no previous marriage; and that, consequently, the defendant did not marry Leona Du Bois while he was married to the said Laura Ann Lane, as charged in the indictment.

In support of this contention the appellant's counsel cites the New Jersey statute, which provides: " That all marriages where either of the parties shall have a husband or wife living at the time of such marriage, shall be invalid from the beginning and absolutely void, and the issue thereof shall be deemed to be illegitimate and subject to the legal disabilities of such issue." As this alleged marriage to Laura Ann Lane occurred in New Jersey, its validity must be determined by the laws of that State (*Van Voorhis* v. *Brintnall*, 86 N. Y., 18; *Moore* v. *Hegeman*, 92 id., 524), provided that statute is properly before the court. The case shows that it was introduced in evidence, and this court must, therefore, take judicial notice of its provisions. It is true that the New Jersey statute quoted relates to divorces, and is not, in terms, applicable to criminal actions for bigamy, but it, nevertheless, prescribes the effect of a previous marriage and renders the subsequent marriage void when celebrated in that State, but it does not, in terms, like the Michigan statute which has been considered by the courts of the State in the *People* v. *Chase* (27 Hun, 257), make a divorce unnecessary. That statute provides that such second marriage "shall, if solemnized within this State, be absolutely void, without any decree of divorce or other legal process."

In *People* v. *Chase* (*supra*), the conviction was reversed on the ground that the bigamy alleged in the indictment, and upon which a conviction was had, was shown on the trial to have referred to a second and third marriage, the second marriage being void by statute

in the State where it was celebrated was held to be no marriage, and, therefore, the one in which the bigamy was alleged was not in legal effect the second marriage as charged in the indictment. This was upon the theory that the second and third marriages were the only marriages alleged; and as the second was void it was as no marriage, and did not, therefore, make the other bigamous. I think, within the decisions quoted, we may hold that the word "void" in the New Jersey statute is, in effect, equivalent to the words used in the Michigan statute, which have been construed by this court in the first department to render the second marriage absolutely void and as if no such ceremony had taken place. It would seem to follow, therefore, that if the defendant was, in fact, married in the State of New York to Beatrice Vulcan Butler September 1, 1879, and then on the 30th of June, 1887, in the State of New Jersey, to Laura Ann Lane, while the first wife was still living, and not divorced, bigamy cannot be predicated on the marriage to Leona Du Bois on the 31st of August, 1890, solely upon the allegations of the marriage with Laura Ann Lane and Leona Du Bois, for the ceremony of marriage with Lane did not constitute a legal marriage in New Jersey and was void under the laws of that State. But whether or not the defendant was ever married to Beatrice Vulcan Butler was a question of fact for the jury, and was submitted by the trial judge to them, and the result of their verdict is that he failed to prove his marriage with Butler. The people in this case having proved the two marriages of the defendant, under circumstances, such as, unexplained, constituted a criminal offense, it was incumbent on the defendant to establish a valid legal excuse or defense. This he undertook to do by proving by his own oath the marriage with Miss Butler before his marriage with Lane. But the rule is too well settled, that the jury are not bound to believe the uncorroborated evidence of the defendant charged with crime, to require citation of authorities. But the defendant sought to corroborate his statement by the introduction of some other evidence.

The defendant offered in evidence a paper which, upon its face, purported to be an informal certificate of marriage of the defendant and Beatrice Vulcan Butler, purporting to have been signed by Raymond Ray, and testified that it was his marriage certificate, and that Raymond Ray was pastor of an Episcopal church in Harlem.

This paper was excluded by the court on the ground that it did not conform to the statutory requirement, and was not, therefore, a valid marriage certificate. An exception was taken to this ruling, and the appellant's counsel now urges that the rejection of the paper was error, for which the conviction should be reversed. We see no error in its rejection. It was not proved to have been signed by the alleged minister. The only evidence of its authenticity was the testimony of the defendant that Ray handed it to him. But if its execution had been proved, it was not even a substantial compliance with the requirements of the statute. The statute makes the original certificate evidence when made as directed in the statute, and it is only by force of this statute that the common-law method of proving it can be obviated. It was, therefore, properly rejected as a statutory certificate of marriage. Nor do we see how it can be received as part of the *res gestæ*. It constituted no part of the marriage ceremony, and it does not affirmatively appear that it was made and delivered at the time of the alleged marriage. It is urged, as another corroborating circumstance tending to prove his marriage with Miss Butler, that he introduced her as his wife and lived with her as such. This evidence, while it was competent upon that subject, and proper for the consideration of the jury, was in no way conclusive upon them. They had a right to consider it and give it such weight as, in their judgment, it was entitled to. On the occasion of his marriage to Leona Du Bois, he stated to the clergyman that this was his first marriage. They had also a right to take into account, in considering the evidence, the character of the witness who testified upon that subject and the relation he bore to the defendant in this case. We cannot, under the circumstances of this case, hold, as matter of law, that the defendant proved his marriage with the woman Butler; that the jury were compelled to find that fact, and that their failure to do so will justify the interference of this court in reversing this conviction upon that ground. We have examined the various objections and exceptions taken to the charge of the trial judge, and see no error or misdirection in the same for which the judgment should be reversed.

The judgment is affirmed.

LEARNED, P. J., and LANDON, J., concurred.

Judgment and conviction affirmed.