THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v. A. OLIVER
BARTON CORBETT, Appellant.

*Bigamy — a conviction is not sustained by proof of a prior marriage contracted
when the accused had a wife living — charge as to his breaking up the family of
his victim.*

A conviction for bigamy cannot be predicated upon a marriage contracted by
the accused before the alleged bigamous marriage, where it appears that the
prior marriage was void because, at the time that it was contracted, the
accused had a wife living from whom he had not been legally divorced.

Upon the trial of an indictment for bigamy, it is error for the court to refuse to
charge that the fact that the accused had broken up the family of his alleged
victim should not be considered on the question of his guilt.

APPEAL by the defendant, A. Oliver Barton Corbett, from a judg-
ment of the County Court of Oneida county in favor of the
plaintiff, entered in the office of the clerk of the county of Oneida
on the 23d day of November, 1899, upon the verdict of a jury
convicting the defendant of the crime of bigamy.

The defendant was indicted by the grand jury of the county of
Oneida in October, 1899. It is alleged in the indictment that the
defendant, on the 16th day of October, 1889, married one Sarah
V. Hayden at the city of Dayton, in the State of Ohio, and that
while she was living and his lawful wife, and on the 15th day
December, 1897, at the village of Boonville, in the county of
Oneida, and State of New York, he wrongfully, unlawfully and
feloniously married one Ida L. Cook, contrary to the form of the
statute in such case made and provided.

Upon being convicted, the defendant was sentenced to the State
prison at Auburn for the term of three years and six months, and is
now serving such sentence.

*Thomas S. Jones,* for the appellant.

*Timothy Curtin, District Attorney,* for the respondent.

McLENNAN, J. :

The evidence given on behalf of the People tends to prove
that in October, 1889, the defendant married one Sarah V. Hayden
in the State of Ohio, and that while she was living, and without

having obtained a divorce from her, he married one Ida L. Cook in the State of New York.

The defendant, who was called as a witness in his own behalf, denied that he married Sarah V. Hayden in the State of Ohio, as alleged in the indictment, or at any other time or place. He also gave evidence which tends to show that prior to the year 1881 he married one Sarah Blois at the village of Wakefield, in the State of Massachusetts, and that at the time of his alleged marriage in the State of Ohio she (said Sarah Blois) was living and was his lawful wife. The defendant testified : " I was married to a girl by the name of Sarah Blois ; she was from Nova Scotia ; we were married at Wakefield, Massachusetts, by the Presbyterian minister of that village ; we lived there after we were married ; I was a little over eighteen when married ; she six or seven years older than I ; I lived with her until 1881, when we separated."

There is no suggestion in the evidence that the defendant had obtained a decree of divorce from the Blois woman, and he testified that no papers had ever been served upon him personally or otherwise in any action for divorce brought by her against him, although he stated that he understood she had obtained a divorce before the time of the alleged marriage in Ohio.

The witness Sarah V. Corbett, who is the same person as Sarah V. Hayden, and whom it is claimed the defendant married in the State of Ohio, was called by the People, and gave testimony which tended to corroborate the evidence of the defendant in some particulars. She testified that the defendant stated to her repeatedly after their alleged marriage that he had been married to a woman in Massachusetts ; that she was still living, and that he had a son by her who was then twenty years of age. The witness also stated that upon receiving such information she went to Boston to find out the truth about the matter, and that while in Boston she learned that " the woman (Sarah Blois) was divorced from him (the defendant). While in Boston I saw several letters in the handwriting of defendant, written to his wife."

It will thus be seen that while the evidence does not by any means conclusively establish the fact that the defendant had married the Blois woman prior to his alleged marriage in Ohio, and that she (the Blois woman) was living and was the defendant's law-

ful wife at the time of such alleged marriage, it presented a question of fact to be determined by the jury, in case the issue was material or important upon the question of defendant's guilt.

At the close of the charge to the jury defendant's counsel asked the court to charge as follows: " I ask your Honor to charge, as a matter of law, that if the jury find that the defendant Corbett had a wife living, with whom he had contracted marriage, and to whom he was married in Massachusetts; and that wife was living at the time of the alleged marriage between the defendant and the woman called Sarah V. Hayden in the indictment, then the people are not entitled to a verdict of guilty under this indictment."

The court declined to so charge, and the defendant duly excepted. Defendant's counsel further requested the court to charge: " I ask your Honor to * * * charge that, under the laws of the State of Ohio, the defendant could not contract a legal marriage, or one for which or upon which a conviction for bigamy can be predicated, if at the time of such marriage he had a former wife living and from whom he was not legally divorced."

The request was declined and exception was duly taken. Defendant's counsel also requested the court to charge : " I ask your Honor to charge that, if the jury find that the defendant was already lawfully married at the time the first marriage alleged in the indictment took place, such marriage is utterly void, and the second marriage alleged in the indictment cannot constitute the offense of bigamy."

The court declined to so charge, and defendant's counsel duly excepted.

The question is, therefore, presented : If the jury had found as a fact that the defendant had been legally married in the State of Massachusetts prior to the alleged marriage in the State of Ohio, and that at the time of such alleged marriage he had a wife living, would it have constitued a legal defense to the crime charged in the indictment?

Section 6384 of the Revised Statutes of the State of Ohio was put in evidence by the People. So much of the section as bears upon the question now being considered is as follows : " Male persons of the age of eighteen years, and female persons of the age of sixteen years, not nearer of kin than second cousins, and not having a husband or wife living, may be joined in marriage."

No common-law marriage was alleged or proved by the People, and they relied solely upon the evidence tending to prove a marriage in accordance with the provisions of the statutes of the State of Ohio.

It has been repeatedly held by the highest court in the State of Ohio that a marriage solemnized between persons other than those specified in the statute is absolutely void.

In *Shafter* v. *State* (20 Ohio, 1) the head note is as follows: "Marriages in this State contracted by male persons under the age of eighteen, and female persons under fourteen (now sixteen) are invalid unless confirmed by cohabitation after arriving at those ages respectively. 2. Such a marriage not thus confirmed does not subject a party to punishment for bigamy for contracting a subsesequent marriage while the first husband or wife is living."

In *Evans* v. *Reynolds* (32 Ohio St. 163) it was held that a marriage being proven is presumed lawful until its annulment is shown; hence a second marriage while the other spouse is living is *prima facie* a nullity.

It is equally clear that a marriage by a person who at the time has a lawful husband or wife living is a nullity, because within the prohibition of the statute.

In Nelson on Divorce and Separation (§ 577) the rule is stated as follows: "When a valid prior marriage is shown to have been in full force at the time the second marriage was entered into, this is sufficient proof that the second marriage is void. It was once contended that such second marriage is voidable. It was urged that a prior undissolved marriage did not render the second marriage *ipso facto* void, but voidable only; furnishing ground for a dissolution of the marriage, but not *per se* annulling it. But it was held that a valid prior marriage, when established, rendered void the second one. 'A man having a wife in full life is utterly powerless to make a valid contract of marriage, and his attempt to do so is entirely nugatory.' By the general concurrence of the authorities the second marriage is not voidable, but absolutely void, without a decree declaring it so. Therefore, the competent party to the second marriage may marry again without first obtaining a decree annulling the supposed marriage." (*Patterson* v. *Gaines*, 6 How. [U. S.] 550; *Gaines* v. *Relf*, 12 id. 472, 593.)

If a subsisting marriage is for any reason absolutely void, a subsequent marriage cannot be punished as bigamy.

The case of *People* v. *Crawford* (62 Hun, 160; affd., 133 N. Y. 535) was a prosecution for bigamy. The indictment charged that the defendant, on June 30, 1887, married one Lane in the State of New Jersey, and that while she was his wife, on August 30, 1890, at Esopus, N. Y., he married one Du Bois. The defendant in that case testified that on the 1st day of September, 1879, and prior to his alleged marriage to Lane in New Jersey, he was married in the State of New York to one Butler, and that she was living at the time of the alleged marriage to Lane. The jury in that case did not believe the testimony of the defendant, and he was found guilty of the crime charged in the indictment; but the court, in discussing the evidence and its effect (at p. 163), says: "It would seem to follow, therefore, that if the defendant was in fact married in the State of New York to Beatrice Vulcan Butler, September 1, 1879, and then, on the 30th of June, 1887, in the State of New Jersey, to Laura Ann Lane, while the first wife was still living and not divorced, bigamy cannot be predicated on the marriage to Leona Du Bois on the 31st of August, 1890, solely upon the allegations of the marriage with Laura Ann Lane and Leona Du Bois, for the ceremony of marriage with Lane did not constitute a legal marriage in New Jersey, and was void under the laws of that State."

In the case of *People* v. *Chase* (27 Hun, 256) a conviction for bigamy was reversed on the ground that the bigamy alleged in the indictment, and upon which a conviction was had, was shown on the trial to have referred to a second and third marriage; the second marriage, being void by statute in the State where it was celebrated, was held to be no marriage, and, therefore, the one in which the bigamy was alleged was not in legal effect the second marriage, as charged in the indictment. This was upon the theory that the second and third marriages were the only marriages alleged, and as the second was void it was no marriage, and did not, therefore, make the other bigamous.

Cases might be cited, decided by the highest court in almost every State of the Union, which hold that where marriage is solemnized between parties who are prohibited from entering into that relation by statute, such marriage is absolutely void, and that

if such void marriage is followed by another and subsequent marriage, the void marriage cannot be made the basis of a conviction for bigamy.

Whether the defendant had a lawful wife living at the time of the alleged marriage in Ohio, was a question of fact to be determined by the jury upon all the evidence. They were not bound to believe the testimony of the defendant, or the other evidence in the case upon that issue; but in case their finding had been favorable to the defendant in that regard, under the authorities a conviction could not have been had.

The requests to charge made by defendant's counsel pointedly and explicitly raised the precise question, and the refusal of the learned court to charge as requested was error which requires a reversal of the judgment.

As before said, it is alleged in the indictment that the defendant wrongfully, unlawfully and feloniously married one Ida L. Cook, at Boonville in the State of New York. The marriage to her was proven by a minister of the Gospel who performed the ceremony. Neither Ida L. Cook nor any number of her family was called as a witness, and none of the circumstances of the marriage or anything relating to the Cook family or household is disclosed by the evidence.

The defendant's counsel asked the court to charge as follows: "I ask your Honor to charge that there is no evidence in this case that Corbett broke up the Cook family; and that that matter is not to be considered at all; that that question is not here, and there is no proof of any such thing."

The court declined to charge as requested, and the defendant duly excepted. The court was further asked by defendant's counsel to charge as follows: "I ask your Honor to charge specifically that the defendant cannot be convicted of bigamy, whether or not the jury find that the Cook family was broken up by the defendant."

The court declined to charge as requested, and the defendant duly excepted.

We think the refusal to charge as requested was error. Whether or not anything occurred upon the trial not disclosed by the record, which rendered it especially important that the jury should be instructed as requested, is immaterial. The defendant was entitled

to have the jury instructed in substance that their verdict should be uninfluenced by any fact or circumstance which did not bear or throw light upon the question whether he married Ida L. Cook at a time when Sarah V. Hayden, mentioned in the indictment, was his lawful and legal wife. Whether the defendant broke up or in any other manner interfered with the Cook family could have no legitimate bearing upon that question, and it is, therefore, concluded that the refusal to charge as requested was error.

Several other exceptions were taken during the progress of the trial by defendant's counsel, but having reached the conclusion above indicated it is unnecessary to consider them.

The judgment of conviction should be reversed and case remitted to the County Court, pursuant to section 547 of the Code of Criminal Procedure.

All concurred.

Judgment of conviction reversed and case remitted to the County Court, pursuant to section 547 of the Code of Criminal Procedure.