# Dailey v. Frey, Appellant.

*Marriage—Evidence—Legitimacy—Partition.*

On a bill for partition where the issue is the marriage of plaintiff's parents, a certificate of marriage is admissible as evidence of identity of parties, when offered in connection with testimony that it was produced from the custody of plaintiff's father and claimed by him as the certificate of his own marriage, and this is the case although the name of plaintiff's father was Sharpe, and the name mentioned in the certificate was Shaw.

On a bill for partition where the plaintiff's legitimacy is denied on the ground of a prior marriage of her mother, a finding in favor of plaintiff will be sustained where the evidence of a previous marriage had opposed to it the evidence of the reception of the parents of the plaintiff by her mother's family as married, the acknowledgment of the husband and the treatment of the plaintiff from her birth as a legitimate child, the entire absence of any appearance or question of the alleged first husband during the whole life of the alleged wife, the possibility of confusion as to two families of the same name, and finally the presumption in favor of innocence of the alleged bigamy.

Argued March 23, 1903. Appeal, No. 357, Jan. T., 1902, by defendants, from decree of C. P. No. 5, Phila. Co., Sept. T., 1901, No. 2107, on bill in equity for partition in case of Margaret Dailey, Guardian of Amelia Bradley Sharpe, a Minor, v. John Frey and Julia Frey, his Wife. Before MITCHELL, FELL, BROWN, MESTREZAT and POTTER, JJ. Affirmed.

Bill in equity for partition.

RALSTON, J., found the facts to be as follows :

The bill avers that Amelia Bradley Sharpe, born August 25, 1885, is the daughter of Frederick Sharpe and Margaret Bradley Sharpe (who was the daughter of Daniel Bradley), who were married on September 10, 1884; that Margaret Bradley Sharpe died on or about September 8; 1885, intestate, married, and leaving to survive her the minor, Amelia Bradley Sharpe, Daniel Bradley died on November 4, 1892, intestate leaving a widow, Ellen Bradley, three children, Julia Frey, Charles Harry Bradley and Elizabeth Bradley, and a grandchild, Amelia Bradley Sharpe, in whom his real estate vested. Charles Harry Bradley died on October 21, 1894, and Elizabeth Bradley died on February 21, 1894, both intestate, unmarried and without issue. Ellen Bradley, the widow, died on October 15, 1896. The bill prays for a partition of the real estate.

The answer denies that Frederick Sharpe was married to Margaret Bradley, and alleges that Margaret Bradley was married to Thomas McClain on May 22, 1883, and remained his lawful wife until her death.

The sole question to be determined is whether Frederick Sharpe and Margaret Bradley Sharpe were lawfully married as averred in the bill.

The complainant's counsel produced a marriage certificate, which had been given him by Frederick Sharpe. Amelia Bradley Sharpe testified that she had seen her father hand it to him. William Sharpe testified that Frederick, his brother, had shown him this same certificate in 1886 after the death of Margaret Bradley Sharpe. Mrs. Manship, the widow of the clergyman performing the ceremony, testified that her husband was dead; that the certificate was in his handwriting as was also a record kept by Mr. Manship which she produced. The certificate showed that Frederick Shaw and Margaret Josephine Bradley were married on September 10, 1884. Witnesses testified that Frederick Sharpe and Margaret Bradley Sharpe lived together; that shortly after the birth of Amelia Bradley Sharpe, Margaret returned to the house of her father, Daniel Bradley, where she died; that she was buried from her father's house as Mrs. Sharpe, Frederick Sharpe being present and recognized as her widower. The child remained in Daniel Bradley's family until the death

of Daniel and Ellen Bradley, and shared in the distribution of Daniel Bradley's personal estate. These facts are, in the opinion of the court, sufficient to establish the identity of the Frederick Shaw mentioned in the certificate, with Frederick Sharpe, and prove the marriage between Frederick Sharpe and Margaret Josephine Bradley.

The defense is that even if such a marriage was contracted it was void because the woman was, at that time, married to another man. To establish this, it was shown that on May 22, 1883, Thomas McClain was married to Maggie Bradley. There were several families of Bradleys living in the same neighborhood. No witnesses could identify the Maggie Bradley named in the certificate with Margaret Josephine Bradley, with the exception of Julia and John Frey, the defendants. They both testified that Margaret, Mrs. Frey's sister, had told them that she was married to Thomas McClain; that they had seen them together. The court thinks that the testimony is not sufficient to establish the marriage of Margaret Josephine Bradley with Thomas McClain, and thereby to annul the marriage of Frederick Sharpe with Margaret Josephine Bradley, and declare Amelia Bradley Sharpe to be a bastard.

The court finds that Frederick Sharpe and Margaret Josephine Bradley were lawfully married on September 10, 1884; that Amelia Bradley Sharpe, their daughter, is a legitimate heir to her grandfather, Daniel Bradley, and is entitled to share in his estate.

A decree will be entered as prayed for in the bill.

*Error assigned* was the decree of the court.

*D. Webster Dougherty*, for appellants.

*Michael J. Ryan*, for appellee.

PER CURIAM, May 18, 1903:

To a bill for partition of lands formerly of one Bradley between plaintiff's ward, a granddaughter of Bradley, and defendant, a daughter, the answer denied the legitimacy of the plaintiff. This was equivalent to a plea of non tenent insimul, and there being no other facts in dispute the judge, apparently by agreement, proceeded to determine the case on this single issue.

The defendant denied plaintiff's legitimacy on two grounds, first that her parents had never been married, and secondly that at the time of the alleged marriage the mother was the wife of another man.   All the assignments of error go to the admission and weight of the evidence on these two points.   Without discussing them in detail it is sufficient to say first that there was evidence enough to support the finding of a marriage between plaintiff's parents.   The certificate of marriage, though not in itself evidence of that fact, was offered in connection with testimony that it was procured from the custody of plaintiff's father and claimed by him as the certificate of his own marriage.   It was therefore within the principle of Hill v. Hill's Adm., 32 Pa. 511, and was admissible as tending to show the identity of the parties notwithstanding the variation in the name.

The second question is more difficult.   There was considerable evidence of a previous marriage.   But opposed to it was the evidence of the reception of the parents of the appellee by her mother's family as married, the acknowledgment of the husband and the treatment of the appellee from her birth as a legitimate child, the entire absence of any appearance or question of the alleged first husband during the whole life of the alleged wife, the possibility of confusion as to the two Bradley families, and finally the presumption in favor of innocence as to the alleged bigamy.   The judge weighing all the evidence found the marriage of appellee's parents to be valid, and we have not been convinced that he was in error.

Judgment affirmed.