EMMA V. MITCH HOOVEN, an Infant, by Rudolph Mitch, her next friend, *vs.* THOMAS J. HOOVEN.

(*April*, 1925.)

PENNEWILL, C. J., and HARRINGTON, J., sitting.

*Arley B. Magee* for plaintiff.

Superior Court for Kent County, April Term, 1925. No. 21, April term, 1925.

HARRINGTON, J., delivering the opinion of the court:

The question is whether a marriage certificate, issued by the officiating minister and delivered by him to one of the contracting parties more than six months after the marriage and after the person to whom it had been delivered had finally separated from her husband is admissible in evidence.

Independent of statute, a marriage certificate, standing alone, is similar in effect to a letter from a third person; by reason of the rule excluding hearsay evidence, such a certificate is, therefore, not admissible as direct and original evidence of the marriage referred to in it. *Wigmore on Evidence*, § 1645; *Hill v. Hill*, 32 *Pa.* 511; *Dailey v. Frey*, 206 *Pa.* 227, 55 *A.* 962. The same principle was applied in *Hatfield v. Perry*, 4 *Harr.* 463, where the certificate of a notary public, with respect to the protest of a promissory note, was excluded.[1]

Where, however, a marriage certificate is delivered by the officiating minister to one or both of the contracting parties at the time of the marriage and there is also proof of the signature of such officiating minister and of his authority to perform the marriage ceremony, there is authority for its admission in an action for divorce as an exception to the hearsay rule because of its being an act accompanying the marriage and, therefore, composing a part

---

1. · In addition to *Hatfield v. Perry*, as to whether the certificate of protest of a notary public is admissible as the certificate of a public officer, see *Bank of Wil. and Brandywine v. Cooper*, 1 *Harr.* 10 (12); *Randell, Jr., v. Ches. & Del. Canal Co.*, 1 *Harr.* 234 (298).

of the *res gestae.* *Wigmore on Evidence,* § 1645; *Schouler on Marriage, Divorce, Separation and Domestic Relations, vol.* 2 § 1233; *State v. Isenhart,* 32 *Or.* 172, 52 *P.* 569; *People v. Crawford,* 62 *Hun.* 160, 16 *N. Y. S.* 575; see, also, *Ency. of Ev., vol.* 8, *p.* 468; *Gaines v. Relf,* 12 *How.* 472, 535, 13 *L. Ed.* 1071.

It is true that such a certificate, if in the possession of either the husband or the wife, and produced by such party, might also, under varying circumstances, constitute circumstantial evidence of the marriage therein referred to on the ground that it would constitute an implied declaration or admission of the truth of the statement appearing in such certificate, or as an act of one of the parties showing a belief that a marriage had taken place, from which a presumption to that effect would arise even against the other party. *Schouler on Marriage, Divorce, Separation and Domestic Relations,* § 1226; *Wigmore on Ev.,* §§ 268, 1645; *Ency. of Ev., vol.* 8, *pp.* 468, 473; *Inhabitants of Camden v. Inhabitants of Belgrade,* 78 *Me.* 204, 3 *A.* 652.

With respect to admissions, the rule applies with particular force when there is proof that the certificate has been read by the other contracting party. *Hill v. Hill,* 32 *Pa.* 511; *Dailey v. Frey,* 206 *Pa.* 227, 55 *A.* 962.

When a marriage certificate is offered as circumstantial evidence of a marriage, it naturally follows that no proof of the authority of the minister who is supposed to have performed the ceremony or of the genuineness of his signature is necessary. *Inhabitants of Camden v. Inhabitants of Belgrade,* 78 *Me.* 204, 3 *A.* 652; *Ency. of Ev., vol.* 8, *p.* 468.

It is true that there is some conflict as to whether, in order to make a marriage certificate admissible as an act or declaration, it must have been in the possession of one of the contracting parties during the period when they were living together as husband and wife. *Schouler on Marriage, Divorce, Separation and Domestic Relations,* § 1226; *Wigmore on Ev.,* § 268; *Dysart Peerage Case L. R.,* 6 *App. Cas.* (1881) 489, 499—502; *In re Taylor,* 9 *Paige* (*N. Y.*) 611; *Inhabitants of Camden v. Inhabitants of Belgrade,* 78 *Me.* 204, 212, 3 *A.* 652. However that may be, the prin-

ciples above referred to do not apply to the facts of this case and the certificate in question cannot be admitted either as direct or circumstantial evidence of the marriage.

Perhaps it might also be well to add that in divorce cases it has long been the policy of this court to require some direct evidence of the marriage independent of the testimony of the plaintiff, and that circumstantial evidence alone is not sufficient.

