THE PEOPLE OF THE STATE OF NEW YORK, Plaintiff, *v.* LEON GLASS, Alias ELEX GLEIZER, Defendant.

Court of General Sessions of County of New York, March 6, 1952.

*Lewis Harris* for defendant.

*Frank S. Hogan, District Attorney (Stuart Schwartz* of counsel), for plaintiff.

STEVENS, J. The defendant moves by writ of error, *coram nobis,* to set aside a judgment of the court rendered September 22, 1937, convicting him of bigamy upon his plea of guilty entered July 27, 1937.

The stated grounds of his application are that at the time of his conviction there was no previous validly subsisting marriage upon which the crime of bigamy could be predicated, and that this fact though known to the probation officer was not known to him.

The District Attorney in opposing the application argues that the defendant's plea forecloses inquiry into the question of his guilt, that the defendant failed to use remedies available at the time, and that this application is not properly within the defined limits of *coram nobis.*

The indictment alleged a marriage to Harriet Siskin on March 5, 1937, while an earlier marriage to Sylvia Rosen on July 19, 1924, was in full force and effect.

It is not disputed that the defendant married one Lillian Goldstein on May 25, 1921, in California, and was divorced by her January 4, 1932. The fact of this marriage undissolved affected the validity of the Rosen marriage.

It thus appears that when he went through a ceremony with Sylvia Rosen, the marriage to Lillian Goldstein was still in effect, but had been terminated prior to his marriage to Harriet Siskin.

We hold no brief for his conduct but the question here is one of law not moral rectitude.

Section 6 of the Domestic Relations Law provides: "A marriage is absolutely void if contracted by a person whose husband or wife by a former marriage is living". The marriage to Sylvia Rosen, therefore, was void, not voidable.

A bigamist is defined as "a person who, having a husband or wife living, marries another person". (Penal Law, § 340.)

An indictment must contain a plain and concise statement of the acts constituting the crime (Code Crim. Pro., § 275) or, if a simplified indictment, a statement of the specific crime with which defendant is charged. (§ 295-b.)

It was held in *People* v. *Corbett* (49 App. Div. 514 [1900]) that a conviction for bigamy cannot be predicated upon a marriage by the accused before the alleged bigamous marriage, where such prior marriage was void. (See, also, *People* v. *Teston*, N. Y. L. J., July 7, 1947, p. 39, col. 3.)

It thus appears that had the defense been interposed there could have been no conviction, or if the question were properly raised later the conviction would not have been allowed to stand.

Does the plea of guilty lend such validity to the accusation as to preclude investigation thereafter? We think not. For while a plea of guilty admits all facts well pleaded in the indictment, it cannot serve to make valid a nullity. The indictment charges no crime, and a plea to it will not serve to endow the skeleton with the raiment of substance.

Our courts have extended *coram nobis* within certain limitations (see study — Eli Frank on The Writ of Error Coram Nobis, and cases there cited) and in *Matter of Lyons* v. *Goldstein* (290 N. Y. 19) the court declared the writ a proper remedy where the judgment was based on fraud, trickery, deceit, coercion or misrepresentation in the procurement of the plea upon which the judgment was founded. Admittedly, none of those grounds exist here. The mere fact that the writ has not been extended to a case of this type is not alone sufficient in our opinion to bar its use here.

The old writ of error was designed to correct alleged errors in the proceedings or judgment, if they existed, based on an error of fact, while *coram nobis* was used in Kings Bench to review its own judgments.

In the case of *Matter of Lyons* v. *Ward* (272 App. Div. 120, affd. *sub nom. Matter of Lyons* v. *Fisher*, 297 N. Y. 617) the defendant being charged with criminally receiving stolen prop-

erty was permitted to plead to attempted grand larceny, second degree. The defendant contended that there was a possible error of law in the acceptance of the plea under the charge. A writ of prohibition restraining the granting of a motion for *coram nobis* was affirmed on appeal.

While the language of the *Ward* case is broad, we feel that it must be viewed in the light of the question there presented.

In the *Kendricks* case (*People* v. *Kendricks,* 300 N. Y. 544) the writ was based on an alleged error in the denial of a motion made during the course of the trial. So, too, in *Matter of Hogan* v. *Court of General Sessions* (296 N. Y. 1) where the writ was denied, a particular question of fact, in the one instance, had been determined in the original trial based in part on testimony given by the defendant.

In the cases cited in review the various counts of the indictment were founded on acts, which, if sustained, were crimes. That is not the situation in the matter before us, for here the indictment is based on a void marriage and charges no crime.

Is this defendant estopped by his own conduct in failing to raise the question at the time of plea or in the time allowed thereafter or is he precluded by the judgment of conviction, from raising it now.

The theory of equitable estoppel, if we consider it in terms of defendant's conduct, usually involves material prejudice to the adversary, such adversary having been misled to his detriment by the conduct of the party. Here the People as the sovereign power, appear as the complainant or party plaintiff, and it is of equal importance to the sovereign that fundamental rights and processes be preserved as that the guilty be punished in accordance with those processes.

If we consider the judgment as creating a bar by legal estoppel, it is still essential that the judgment be founded on a valid accusation.

We are not convinced that the defendant should be estopped.

Are we to conclude that by virtue of the lapse of time, fourteen years, this defendant is not now to be permitted to assert his claim?

It does appear that one month after sentence he wrote to the Judge who presided, contending that, by reason of the facts earlier stated, he was guilty of no crime. The provision of section 2188 of the Penal Law, rendered the court powerless to set aside the judgment. Moreover, defendant's own act or omission, whether or not wittingly, was responsible for the

situation. A writ of habeas corpus was dismissed in January, 1938, and a motion for a new trial denied in April, 1938.

The fact that the sentence has been served will not bar the writ if there is a proper basis.

While there is an understandable reluctance to extend the scope of the writ, we are of the opinion that mere lapse of time is not sufficient to bar the assertion of a right in a case where a factual situation such as that here presented prevails. In the case before us while the indictment on its face apparently charges a crime, conclusive documentary evidence presented indicates that no crime was committed, within the terms of the accusation. Nor do we think it will serve to divest a court of original jurisdiction of that power inherent in it to set aside a void judgment of conviction to promote basic justice.

In passing, we might point out that we cannot blind ourselves to the fact that events, subsequent to the determination here involved, have occurred which materially affect the rights of this defendant. And the classification, under which punishment was imposed, presupposes a conviction, or convictions, based on actual crimes.

Motion granted. Judgment vacated.