L. W. Argetsinger, Jr., J.
Motion on a writ of error coram nobis to vacate a conviction for grand larceny in the first degree and judgment imposed thereon by Judge E. C. Barkmaft, on June 23, 1954, sentencing defendant to Attica State Prison for not less than 5 nor more than 10 years at hard labor, said defendant having admitted a previous felony conviction. The court *678 granted petitioner’s request for a hearing returnable on January 3, 1957, at 10:00 a.m.
Defendant appeared in court in custody of the Schuyler County Sheriff, without counsel, and was advised by the court of his right to have counsel and counsel was appointed upon the defendant’s request. The court appointed and notified Attorney John P. Callanan, Sr., of the law firm of Valent, Elkins & Callanan, and Mr. Callanan appeared in court and examined the papers in the case and interviewed the defendant and requested an adjournment to give him an opportunity to prepare for his argument. Accordingly, the case was adjourned until 10:00 a.m. on January 7, 1957 and further adjourned until 11:30 a.m. on January 11, 1957 at which time arguments were presented by Attorney Callanan for the defendant and District Attorney Liston F. Coon for the People. Decision was reserved.
Thereafter, Attorney John P. Callanan, Sr. submitted a written brief and asked for a rehearing which was granted and set down for 2:30 p.m. on January 30, 1957, At that time further arguments were made by counsel for the defendant and the People and decision reserved.
At no time was any sworn testimony offered in these proceedings.
John P. Callanan, Sr. appeared as counsel for defendant-petitioner.
Liston F. Coon, District Attorney, appeared for the People.
No question has been raised here as to the first felony conviction.
The court records show that the defendant pleaded guilty to first degree grand larceny as charged in the indictment, having been advised of his right to counsel and having stated that he did not wish to have a lawyer.
The questions raised in this case are (.1) failure of facts alleged in the indictment to constitute the crime of grand larceny, first degree, (2) whether the defendant understandingly waived his right to counsel and (3) failure of due process of law as guaranteed under the Constitution.
Writs of error coram nobis have been granted and the judgment of conviction vacated upon: (a) insanity of the defendant at the time of trial, (b) perjured testimony sufficient to cause a different verdict and within the knowledge of the prosecuting officer, (c) withholding of material testimony by the prosecution which would have caused a different result, (d) a plea of guilty in reliance on a promise by the prosecuting officials or the court to take care of the defendant, (e) conditions resulting *679 in danger to the life of the defendant which caused the defendant to plead guilty, (f) the age of the defendant at the time of the commission of the crime, (g) defendant not represented by counsel, and (h) the indictment set forth no criminal act. (Frank on Coram Nobis, § 3.01, and cases cited therein.)
The indictment in this case reads as follows:
‘ ‘ The Grand Jury of the County of Schuyler, by this indictment, accuses the defendant of the crime of Grand Larceny in the First Degree, committed as follows:
“ The defendant, in the County of Schuyler, on or about the 2nd day of April, 1954, stole and took from the possession of Sebring Cox an automobile of the value of $500.00 owned by Sebring W. Cox with the intent to deprive the owner of said property, and of the use and benefit thereof, and to appropriate the same to the use of said defendant.
SECOND COUNT
“ And the Grand Jury aforesaid, by this indictment, further accuse said defendant, of the crime of Grand Larceny in the first degree, committed as follows:
“ The said defendant, in the County of Schuyler, aforesaid, on or about the 2nd day of April, 1954, took, used and operated and caused to be taken, used and operated for his own profit, use and purpose, said automobile of the value of $500.00 owned by Sebring W. Cox, without the consent of the owner.”
It is apparent that this indictment fails to allege facts which constitute the crime of grand larceny in the first degree as alleged therein. However, the facts alleged and admitted by the defendant, on his plea of guilty, do constitute grand larceny in the second degree. In the case of People v. Glass (201 Misc. 460) the defendant was charged with the crime of bigamy which actually had not been committed and the court held that the indictment failed to charge a crime. In the instant case the facts alleged do constitute the crime of grand larceny second degree and the sentence handed down by the court could have been the same, had the indictment correctly charged grand larceny in the second degree and had the defendant been convicted of same, this being a second felony conviction. However, the minimum of the sentence could have been less and the court cannot assume that the minimum sentence would not have been less. Under these circumstances the court feels that a writ of error coram nobis is a proper proceeding and justice requires that this indictment be set aside and the conviction thereunder vacated.
*680 Tied in very closely with, this question of insufficiency and illegality of the indictment, is the question as to whether the defendant understandingly waived his right to counsel. Certainly if the District Attorney, in securing the indictment, failed to recognize the insufficiency of the indictment and if the court, upon a plea of guilty by the defendant, also failed to recognize the insufficiency of the indictment, one could hardly expect a defendant, even though he had had previous criminal experience, to note such defect. It seems apparent to this court that this defendant did not understandingly, competently and intelligently waive his right to counsel (Matter of Bojinoff v. People, 299 N. Y. 145 and cases cited therein; see, also, Frank on Coram Nobis, § 3.01 [g] and cases cited therein).
Where the court and the District Attorney permit a defendant to plead to a crime alleged in an indictment but not supported by the facts set forth therein, said defendant not being represented by counsel although he has been advised of his right to counsel and waived such right, it is the decision of this court that this is a failure of “ due process ” and a writ of error coram nobis is available to correct such injustice and the court further holds that, under such circumstances, the defendant could not be considered to have waived his right to counsel understandingly, competently and intelligently.
The motion to set aside and vacate the conviction of grand larceny in the first degree is granted.
Let an order issue accordingly.