J. Irwin Shapiro, J.
The defendant seeks an order vacating the “ judgment of conviction heretofore made herein and the sentence imposed herein ’ ’ and granting him ‘ ‘ leave to withdraw his plea of guilty ’ ’.
*638 The indictment charged the defendant with having committed the crime of bigamy in that he “ on or about September 12th, 1964 in the County of Queens having at the time a wife living, namely, miriam goodwyk, unlawfully married marcia stjsan brooks”. After pleading not guilty on his arraignment, he subsequently withdrew that plea and pleaded guilty as charged. He was sentenced to a term of imprisonment of not less than two and one half and not more than five years.
The defendant now contends that he “married one Jean Sperling, whose name by a prior marriage was G-erstle, in California in 1949 or 1950. This marriage was prior to the marriage to Miriam G-oodwyn, named in the indictment. The marriage to Miriam Goodwyn took place in 1963. Subsequently his said first wife, Jean Goodwyn, née Sperling, brought an action for divorce against deponent in Los Angeles County in California * * * that action was never concluded. That marriage, therefore * * * still exists.”
To support his allegation the defendant annexes and makes part of his moving papers a certificate of the Clerk of the Superior Court of the State of California for the County of Los Angeles, dated December 14, 1965, wherein it is stated “ That I am the custodian of the divorce records of the County of Los Angeles, State of California, and have searched my records from July 18, 1957 to December 9, 1965, and find the above action only naming the above parties; That the Complaint in this action was filed July 18, 1957; and thereafter on August 29, 1957 an order for support was made; That as of the date of this Certificate, an Interlocutory Judgment of Divorce has not been granted the above parties. ’ ’
The defendant submits ‘ ‘ that he did not commit the crime of bigamy charged in the indictment since, when he married Marcia Susan Brooks in the County of Queens on September 12, 1964, he was not then married to the said Miriam Goodwyn named in said indictment.” And he further states that “there was no investigation to determine these facts, and deponent was not aware of the applicable law, of which he has since been advised, that under the circumstances set forth herein, namely that the California marriage was still in existence, he was not guilty of the crime charged in the indictment, * * * and pleaded guilty in ignorance of the fact that he was, in fact, not guilty of said crime.”
. The principal question presented, as defendant sets forth the facts, is whether a judgment of conviction, entered upon a plea of guilty to the crime of bigamy, may stand where there is a showing that the indictment was predicated upon a void prior marriage.
*639 The facts in People v. Corbett (49 App. Div. 514) fit directly within the pattern of facts claimed to exist here. The court said at pages 518-519: 11 Cases might be cited, decided by the highest court in almost every State of the Union, which hold that where marriage is solemnized between parties who are prohibited from entering into that relation by statute, such marriage is absolutely void, and that if such void marriage is followed by another and subsequent marriage, the void marriage cannot be made the basis of a conviction for bigamy.”
In People v. Glass (201 Misc. 460), the defendant’s motion to set aside a judgment of conviction upon the defendant’s plea of guilty to the crime of bigamy was granted upon a similar set of facts.
The difficulty with the defendant’s motion, as I see it, however, is that there is here an admission of the solemnization of the marriage to Miriam G-oodwyn. Under such circumstances there is an extremely strong presumption in favor of the validity of that marriage. (Matter of Tuttle, 234 App. Div. 1, affd. 260 N. Y. 663; Matter of Dugro, 261 App. Div. 236, affd. 287 N. Y. 595.) That presumption is not counteracted or overcome by the record proof now offered that the divorce proceeding in the (née) Sperling case did not terminate in a divorce. She (nee) Sperling, may have obtained a divorce elsewhere, or she may have died after the commencement of the Los Angeles County divorce proceedings and before defendant’s marriage to Miriam Goodwyn.
Frelingstad v. Frelingstad (134 N. Y. S. 2d 63) dealt with the validity of a ceremonial marriage vis-a-vis a prior marriage alleged to have been dissolved by a Mexican decree of divorce. Despite the invalidity of that “ mail order ” divorce, I held the second marriage valid, saying (p. 69): “We have noted that there is a strong presumption of the validity of a ceremonial marriage and that that presumption is sufficient, in and of itself, to call for a legal declaration of the validity of the marriage unless and until the presumption is compelled to succumb to credible proof to the contrary.” Continuing on in the same opinion, I cited Kopit v. Zilberszmidt (35 N. Y. S. 2d 558, 566-567) where the court said: “It is not incumbent upon those asserting a marriage to prove that an earlier marriage was terminated by death, annulment or divorce. The law is well settled that in the case of conflicting marriages of the same spouse this presumption of validity operates in favor of the second marriage and the burden of showing [the existence and continuity of] the first marriage is on the party asserting it. Even where this is established it may be presumed in favor of
*640 the second marriage that at the time thereof the first marriage had been dissolved either by a decree of divorce or death of the former spouse, so as to cast the burden of adducing evidence to the contrary on the party attacking the second marriage.”
In order to succeed on this motion, therefore, the defendant would have to overcome the presumed validity of the Miriam Groodwyn marriage. This he has not done. The motion is denied.