■    THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v. DONN GOODWYN, Appellant.— Appeal by defendant from a judgment of the Supreme Court, Queens County, rendered August 23, 1965, and two orders of said court, both entered February 11, 1966. The judgment convicted him of bigamy, on a plea of guilty, and imposed sentence. One of the orders denied his motion to vacate the judgment and to permit him to withdraw his plea of guilty. The other order denied, without prejudice, his motion in the nature of *coram nobis to* vacate the judgment. Order determining the motion in the nature of *coram nobis* reversed, on the law, and motion remitted to the court below for further proceedings in accordance with the memorandum herewith. The procedure indicated in *People* v. *Huntley* (15 N Y 2d 72) should be followed insofar as applicable (cf. *People* v. *Korda,* 24 A D 2d 577). No questions of fact have been considered. The appeals from the judgment and the order denying the motion to vacate the judgment and to permit defendant to with-draw his plea of guilty will be held in abeyance pending the hearing and new determination on the *coram nobis* motion. Defendant pleaded guilty to an indictment which charged that "on or about Sept. 12, 1964, in the county of Queens, having at the time a wife living, namely Miriam Goodwyn, [he]

unlawfully married Marcia Susan Brooks." Some months after judgment of conviction was rendered accordingly, defendant made the instant *coram nobis* application, in which he alleged and offered evidence to the effect that at the time he married Miriam a previous marriage by him to one Jeanne (or Jean) Spurling Gerstle Goodwin still subsisted. If that be so, defendant was never validly married to Miriam and the charge that he committed bigamy in marrying Marcia cannot be predicated upon his previous marriage to Miriam (*People* v. *Horton*, 272 App. Div. 924; *People* v. *Dunbar*, 194 App. Div. 144, 146; *People* v. *Corbett*, 49 App. Div. 514; *People* v. *Glass*, 201 Misc. 460; Domestic Relations Law, § 6). Consequently, the *coram nobis* application should be remitted to the trial court for a hearing and determination upon the issue of fact thus presented, and for further proceedings accordingly; and the appeals from the judgment and the order on the other motion should be held in abeyance. Ughetta, Acting P. J., Christ, Hill, Rabin and Benjamin, JJ., concur. [49 Misc 2d 637.]