### EUGENE A. SNOWMAN *vs.* GEORGE E. MASON.

#### Knox.    Opinion February 21, 1905.

*Criminal Conversation.    Proof of Marriage.    Exceptions.*

In an action in which the plaintiff charges the defendant with criminal conversation with his wife, and thereby alienating and destroying her affection for him and depriving him of her society and assistance, a certificate of marriage offered to prove the legal marriage of Eugene A. Snowman, the plaintiff, and Emma M. Freeman, his wife, is not sufficient evidence of such marriage, without proof aliunde of the identity of the parties. And it must be proof of identity or person and not of name merely. In this form of action positive proof of a legal marriage is required.

In making up exceptions without a copy of the evidence showing just what was done, the statement that the defendant did except must be held to relate to the time when the objection was made.

The refusal of the presiding justice at the close of the evidence to order a nonsuit, for any cause, is not exceptionable, the exercise of such power being discretionary.

The plaintiff is not excused from producing evidence of identification, although not requested by the defendant so to do, inasmuch as the plaintiff is bound to prove his case, and one of the elements of proof in this class of cases is that of identity.

Exceptions by defendant.    Sustained.

The case is stated in the opinion.

*L. R. Campbell,* for plaintiff.

*L. M. Staples and Philip Howard,* for defendant.

SITTING: WISWELL, C. J., WHITEHOUSE, STROUT, SAVAGE, SPEAR, JJ.

SPEAR, J. This is an action in which the plaintiff charges the defendant with criminal conversation with his wife, and thereby alienating and destroying her affection for him, and depriving him of her society and assistance. The plaintiff recovered a verdict for $375. The case comes up on exceptions. The writ, pleadings and a copy of one Exhibit, No. 2, Plaintiff, are made a part of the exceptions.

The exceptions, in full, are as follows: "On the trial the plaintiff offered a certified copy of the record of the town clerk of the town of South Thomaston, Me., marked Exhibit No. 2, Plaintiff, to prove the marriage of the plaintiff, Eugene A. Snowman to Emma M. Freeman, or to prove that the clergyman was legally qualified to officiate without offering any evidence to identify the parties. To the admission of this copy of record the counsel for the defendant seasonably objected as insufficient to prove the marriage of the plaintiff to the person named in the writ as his wife. The said copy of record, Exhibit No. 2, Plaintiff, was admitted against the defendant's objection.

"At the conclusion of the evidence, counsel for the defendant requested the Court to direct the jury to return a verdict for the defendant upon the ground that the plaintiff had failed to produce or offer any evidence to identify the said Eugene A. Snowman and Emma M. Snowman named in the writ, with the Eugene A. Snowman and Emma M. Freeman named in said copy of record, Exhibit No. 2, Plaintiff. This request to direct the jury to return a verdict for the defendant the Court refused.

"To which rulings, admitting said copy of record, Exhibit No. 2, Plaintiff, and refusing to direct a verdict for the defendant as requested, the defendant excepts and prays that his exceptions may be allowed."

## EXHIBIT NO. 2, PLAINTIFF.

STATE OF MAINE.

County of Knox.

Town of So. Thomaston, Jan. 21, 1904.

I, C. Richard Ward, the subscriber, do hereby certify that it appears by the Record of Marriages of said So. Thomaston that Eugene A. Snowman and Emma M. Freeman were married in Rockland, on the 18th day of November, 1893. The record is in words and figures following, to wit:

| Date of Marriage | By Whom Married. | Names of Parties. | Residence. |
| --- | --- | --- | --- |
| Nov. 18, 1893. | Rev. J. H. Parshley | Eugene A. Snowman, | So. Thomaston, Me. |
| Nov. 18, 1893. | Rev. J. H. Parshley | Emma M. Freeman, | So. Thomaston, Me. |

The above copy was properly authenticated.

At the outset the plaintiff asserts that the defendant's exceptions do not present a case that should be considered. He invokes the record to show that the defendant only seasonably objected to the admissibility of the certified copy of the marriage certificate as alone sufficient to prove identity, without reserving any exceptions. But we find at the bottom of the record the usual clause that to the ruling admitting the copy of the record the defendant excepts. In making up exceptions without a copy of the evidence showing just what was done, the statement that the defendant did except, must be held to relate to the time when the objection was made.

The only exception which admits of consideration, however, is that relating to the efficiency of Exhibit No. 2, to prove the identity of the parties named in the certificate of marriage; the other, with respect to the authorization of the officiating clergyman, being too indefinite to enable us to know just what it means.

The refusal of the presiding justice at the close of the evidence to

order a nonsuit, for any cause, is not exceptionable, the exercise of such power being discretionary. *Bragdon* v. *Insurance Co.*, 42 Maine, 259; *Webber* v. *School District*, 45 Maine, 299.

The plaintiff contends that the exceptions fail to show that the defendant at the trial required any evidence of identification and, in the absence of any such requirement, the plaintiff was not bound to identify. The answer to this is, that the plaintiff is bound to prove his case, and one of the elements of proof in this class of cases is that of identity.

It is clear that such proof was suggested, and may, perhaps, be reasonably inferred to have been required, from the fact that the defendant seasonably objected to the certificate offered "as insufficient to prove the marriage of the plaintiff to the person named in the writ as his wife." While the exceptions do not affirmatively state, yet, as the plaintiff does not controvert it in the exceptions, it may be fairly assumed that the certificate was the only evidence offered to prove the identity of the plaintiff and his alleged wife, with that of Eugene A. Snowman and Emma M. Freeman, named in the certificate. The certificate was undoubtedly admissible as a piece of evidence tending to show the identity of the parties, and in civil cases would be regarded as prima facie evidence of that fact, but a different rule obtains in criminal cases and in the case at bar.

"It seems to be a general rule that in all civil actions, except those for criminal conversation, general reputation and cohabitation are sufficient evidence of marriage." *Taylor* v. *Robinson*, 29 Maine, 323. Again the court say on the same page, quoting from Greenleaf's Evidence "the proof of marriage, as of other issues is either by direct evidence establishing the fact, or by evidence of collateral facts and circumstances, from which its existence may be inferred. Evidence of the former kind, or what is equivalent to it, is required upon indictments for polygamy and adultery, and in actions for criminal conversations; but in all other cases any other satisfactory evidence is sufficient."

"Positive proof of a legal marriage is required upon the trial of persons indicted for polygamy and adultery and in actions for criminal conversation." *Pratt* v. *Pierce*, 36 Maine, 454.

While the certificate of marriage was admissible as collateral evidence, was it sufficient, in this case, without any evidence *aliunde* to prove the identity of the parties, and consequently a legal marriage? Our court in a case on all fours with this one have decided that it was not. In Wedgwood's case, 8 Maine, 75, the defendant was on trial upon an indictment for adultery and, in proof of marriage a certificate of the following tenor was admitted: "Mr. Isaac Wedgwood and Miss Judith Kelly, both of Lewiston, were joined in marriage July 15, 1821, Dan. Reed, Justice of the Peace." The certificate was in due form and properly authenticated. In effect it was precisely like the certificate under consideration. But the court say, 76, "the certificate in the case before us is only proof of a marriage between Isaac Wedgwood and Judith Kelley of Lewiston, in July, 1821, but it does not prove that the defendant is the same person named in the certificate. And, as we now establish the rule that proof of identity must be produced in such cases, it must be proof of identity of person, and not of name merely. It may serve as a guard against fraud and deception." To the same effect is *Mooers* v. *Bunker*, 29 N. H. 420. "But if a question is made a jury is not at liberty to presume that a person even of so peculiar a name as Timothy Mooers is the same person as the man of the same name who is shown to be entitled to a particular estate."

*Exceptions sustained.*