### Katherine J. Kane v. Frank J. Kinnare, Adm'r, etc.

1. PRACTICE—*Remarks by the Court During Trial.*—It is not proper for a court to make remarks, in the hearing of the jury, calculated to influence their finding, and if it is probable that such remarks may have worked injury to an appellant, the judgment will be reversed.

**Petition**, in probate. Appeal from the Circuit Court of Cook County; the Hon. ABNER SMITH, Judge, presiding. Heard in this court at the October term, 1896. Reversed and remanded. Opinion filed March 8, 1897.

J. WARREN PEASE and HILLIS & M'COY, attorneys for appellant.

CHARLES L. MAHONY, attorney for appellee.

MR. JUSTICE GARY DELIVERED THE OPINION OF THE COURT.

The appellee is the administrator of the estate of Jane Kneafsey, deceased. This case was tried by a jury in the Circuit Court on appeal from the Probate Court. The question was whether the appellant or one Archibald Russell Orr was next of kin, or among the next of kin, of the deceased. Both could not be, as each traced, or endeavored to trace, the deceased to a different origin and family.

We say endeavored to trace, for the reason that the evidence on either side is very far from being satisfactory.

The appellant was a witness—and a very important witness—for herself.

The appellee put in evidence two photographs, as of the

deceased—one, " B," representing an older woman than the other, " C." On cross-examination of the appellant with reference to the deceased, the following occurred:

" Q.   How many times did you meet her in Mrs. Conroy's house?   A.   I used to meet her in the evenings.

Q.   How many times did you meet her in all your life? A.   I suppose in all my life—

The Court:   Do your best.

A.   I think I met her about thirty times altogether.

Q.   Do you identify the photograph of Jane Kneafsey; say whether that is a photograph of her or not?   Plaintiff's Ex. C?   A.   No.

Q.   Can you tell from looking at that photograph whose photograph that is?   A.   No, I never seen that.

Q.   You never saw the woman whose photograph that is?   A.   I have seen the woman, but never the photograph.

Q.   I will ask you if you know any woman whose photograph you believe that is?   A.   Probably it might be hers, but I never seen that.

Q.   Can you say it is hers or not?

The Court:   You don't state anything anybody can understand.   I am not going to let you waste time talking about nothing.

Mr. Pease:   I except to the remarks of the court.

The Court:   She doesn't answer any questions.   If she has any claim she has to state it so that we can understand her.

Mr. Pease:   I except to the remarks of the court.

The Court:   She talks and talks, but I can't see that anything she has said is evidence in this case.

Mr. Pease:   I except to the remarks of the court.

A.   Probably it might be hers, but I never seen it.

Q.   Do you believe that is a photograph of the Jane Kneafsey that you know?

The Court:   Do you think it is?

A.   Well, I think it is.

Q.   Look at this photograph and say whether you ever saw that before, Plaintiff's Ex. B?   A.   I think that is hers too."

It is not improbable that the jury could not, from the evidence, have given any satisfactory reason for believing that either of the contestants were of kin to the deceased, and yet would have assumed, from the mere fact of the controversy, that if one of them was not so of kin, the other was.

Now the effect of the interruptions by the court, on the cross-examination of the appellant, was to discredit her before the jury as a witness. The jury might easily have adopted the inability of the court to see " that anything she has said is evidence in this case," although she had traced to the deceased her own relationship of niece, and had testified to acknowledgments of that relationship by the deceased.

The appellant is entitled to a trial at which her testimony shall be impartially considered by the jury.

One of the greatest difficulties of a *nisi prius* judge is to keep his mouth shut. I had twenty-five years experience of it. Skelly v. Boland, 78 Ill. 438; Chicago & Eastern R. R. v. Holland, 122 Ill. 461.

Many judgments have been reversed in this State because the judge talked too much. The cases may readily be found by consulting the digests.

The judgment of the Circuit Court is reversed and the cause remanded to that court.