# STATE v. GREENE.

No. 1893.   Decided April 7, 1908 (94 Pac. 987).

1. CRIMINAL LAW—EVIDENCE—ADMISSIONS—MARRIAGE.  In a prosecution for adultery, a deed signed and acknowledged by defendant and a woman as husband and wife is admissible as an admission by defendant that the woman was his wife.

2. SAME—TRIAL—EVIDENCE ADMISSIBLE FOR SPECIAL PURPOSE.  Where evidence in a criminal prosecution is competent for certain purposes, but is admitted generally, the remedy of the party objecting to its admission is to ask for instructions limiting it to the purposes for which it is admissible.[1]

3. SAME—TRIAL—INSTRUCTIONS—SUFFICIENCY OF EVIDENCE.  It is error for the court to give an instruction which expresses his opinion as to the weight of the evidence on a controverted question of fact.

4. SAME.  In a prosecution for adultery, in which the evidence that defendant was a married man   consisted entirely   of his admissions that the woman he lived with was his wife and their reputation in the community.  The court during the progress of the trial remarked in the presence and hearing of the jury that a man should not be permitted to live in a community for years with a woman as his wife, holding her out to be so, and then because the state cannot produce direct evidence of the marriage ceremony, go scot free.  *Held*, an expression of opinion on the weight of evidence and prejudicial error.

APPEAL from District Court, Seventh District; Ferdinand Erickson, Judge.

Webster Greene was convicted of adultery, and appeals.

REVERSED, AND NEW TRIAL GRANTED.

*J. W. Cherry* and *S. R. Thurman* for appellant.

*M. A. Breeden, Attorney General,* for the State.

---

[1] State v. Thompson, 31 Utah 228, 87 Pac. 709.

33 Utah—32

McCARTY, C. J.

The defendant was tried and convicted of the crime of adultery alleged to have been committed with one Madge Morey. The evidence tended to show that defendant had illicit sexual relations with the said Madge Morey at the time and place alleged in the information. Evidence was also introduced tending to show that at the time of the alleged commission of the crime charged the defendant was reputed to be a married man, and was living and cohabiting with one Grace D. Greene as his wife, and that he had, on divers occasions, orally admitted that she was his wife. The state also introduced in evidence a deed of conveyance, which in part recited: "Webster Greene and Grace D. Greene, his wife, grantors, of Mt. Pleasant," etc. This deed was signed by defendant and Grace D. Greene as grantors. The acknowledgment, which was made before a notory public, recited in part: "Personally appeared before me Webster Greene and Grace D. Greene, husband and wife, the signers to the above instrument," etc. The evidence did not show that the deed was signed by the grantors in the presence of each other, nor did it show that defendant was present when the notary took the acknowledgment of Grace D. Greene to the deed. When the deed was offered in evidence, objections were made to its admission on the ground that the recital therein contained, that Grace D. Greene was the wife of defendant, was, so far as it purported to be a declaration of Grace D. Greene to the effect that she and defendant were husband and wife, hearsay, and therefore incompetent. The objections were overruled, and the deed admitted in evidence without any limitations or restrictions respecting the purposes for which it might be considered by the jury. The action of the court in overruling the objections is assigned as error.

While it may be conceded that the deed was inadmissible as the declaration of the woman to the effect that she and defendant were husband and wife, and that the recitals in the acknowledgment to the same effect were also inadmissible, yet the deed was admissible as an admission on the part of the defendant that Grace D. Greene was his wife, which admis-

sion the jury might very properly consider in connection with evidence of cohabitation and repute in determining whether or not these parties were ever actually married. The defendant, however, did not ask the court to so limit the deed, but objected to its admission for any purpose on the ground that it was incompetent for certain specific purposes to which the jury might apply it. In other words, the objection interposed by defendant to the reception of the deed as evidence was in effect a general objection.

"It follows that an objection to evidence, where a part is competent and part incompetent, may be overruled without available error, in cases where counsel interposes the objection to all the evidence." (Elliott, App. Pro., 780, and cases cited in note.)

And furthermore, the rule as declared by the great weight of authority seems to be that evidence which is competent for certain purposes, and is incompetent for other purposes, but is admitted generally, it is incumbent upon the party objecting to its reception, if he desires to have the effect of such evidence limited to the specific purpose for which it is admissible, to ask the court to inform the jury by appropriate instructions as to the purpose for which they may consider the evidence, and, if he fails to make the request, he cannot afterwards be heard to complain. (*People v. Collins,* 48 Cal. 277; *Williams v. Hartford Ins. Co.,* 54 Cal. 449, 35 Am. Rep. 77; *People v. Gray,* 66 Cal. 271, 5 Pac. 240; *County of San Luis Obispo v. White,* 91 Cal. 432, 24 Pac. 864, 27 Pac. 756; *Goodman v. Walker, Executrix, etc.,* 30 Ala. 500, 68 Am. Dec. 134; *Scruggs v. Bibb,* 33 Ala. 481; *Ponder v. Cheeves,* 104 Ala. 314, 16 South. 145; *Commonwealth v. Wunsch,* 129 Mass. 479; *Union Sav. Ass'n v. Edwards,* 47 Mo. 445; *Consolidated Ice Machine Co. v. Keifer,* 134 Ill. 481, 25 N. E. 799, 10 L. R. A. 696, 23 Am. St. Rep. 688; *Pegg v. Warford,* 7 Md. 607; *Martin v. Hill,* 42 Ala. 275.) Some of the authorities hold that, when evidence is offered which is admissible for a specific purpose only, and the attention of the trial judge is directed to the matter, and he is asked to limit it to the purpose for which it may properly be re-

ceived and considered by the jury, it is his duty to do so. (1 Spelling New Tr. & App. Pro. 271; *Byrne v. Byrne,* 113 Cal. 294, 45 Pac. 536.) This is a wholesome rule, but the case under consideration does not fall within it. When the deed was offered in evidence the defendant did not ask that it be limited to the specific purpose for which it was admissible, but objected to the instrument being admitted at all. If the court had been requested to do so, it no doubt would, in its instructions to the jury, have limited the consideration of the deed to the specific purpose for which it was admissible. In *State v. Thompson,* 31 Utah 228, 87 Pac. 709, Mr. Justice Straup, speaking for the court says:

> "Where evidence is received in a case which is admissible only for a certain purpose, and is inadmissible for other purposes to which the jury unaided may improperly apply it, it is essential that the court should correctly instruct them as to the purpose for which they may consider the evidence." (*Brush Elec. L. & P. Co. v. Wells,* 103 Ga. 512, 30 S. E. 533; 2 Thompson on Trials, 2416.)

In this case, however, no such instruction was asked for by defendant.

When the evidence was all in and the state had rested, counsel for defendant asked the court to peremptorily instruct the jury to return a verdict of not guilty. One of the grounds, urged in support of the motion was that the evidence failed to show that the defendant was a married man; that is, it failed to show that he had a lawful wife living at the time of the commission of the crime charged in the information. The court, in overruling the motion, and in the presence and hearing of the jury, made use of the following language: "Perhaps in passing upon a question such as is before the court now I might be handicapped in the presence of the jury, but I want to say to you, gentlemen, that it is against my ideas of this situation that a man should be permitted to live in a community for years and years and years and hold himself out as a married man and his wife, a woman as his wife, live together, cohabit together, associate together, lead all their neighbors and friends to believe that they were husband and wife, and then

simply because the state cannot produce a record of their marriage, or some eyewitness to the ceremony, that for that reason the defendant would have to go scot free." The foregoing remarks of the court, which were duly excepted to, are assigned as error. We think there is merit to this assignment. The question as to whether the defendant was a married man at the time of the alleged commission of the crime charged was a vital issue in the case. There was no direct proof that defendant and Grace D. Greene were ever actually married, and the state sought to prove this fact by evidence which tended to show that defendant had on several occasions admitted that Grace D. Greene was his wife, and that she was reputed to be such in the community where he resided. In fact the state relied solely upon this kind of evidence to establish the fact that a marriage had actually taken place between these parties. The foregoing terse and forcible summing up of the evidence on this point by the court not only conveyed to the jury his opinion as to the sufficiency of the evidence to prove an actual marriage, but also carried with it an inference that, in the opinion of the court, the other material allegations of the information had been sufficiently proved. We know of no rule of law that permits a judge before whom a case is being tried to express his opinion in the presence of the jury and in their hearing as to the weight of the evidence on a controverted question of fact. But, on the contrary, the authorities uniformly hold that for him to do so is error. (2 Thompson on Trials, sec. 2297; 11 Ency. Pl. & Pr., 114; 21 Ency. Pl. & Pr., 994-5; *State v. Ah Tong,* 7 Nev. 148; *State v. Harkin,* 7 Nev. 377; *Andreas v. Ketcham,* 77 Ill. 377; *Furhman v. Mayor, etc.,* 54 Ala. 263; *McMinn v. Whelan,* 27 Cal. 320; *Commonwealth v. Barry,* 9 Allen [Mass.] 276; *State v. Dick,* 60 N. C. 45, 86 Am. Dec. 439; *Cronkhite v. Dickerson,* 51 Mich. 177, 16 N. W. 371; *Sullivan v. People,* 31 Mich. 1; *State v. Stowell,* 60 Iowa 535, 15 N. W. 417; *Kane v. Kinnare,* 69 Ill. App. 81; *Peeples v. State,* 103 Ga. 629, 29 S. E. 691; *Sharp v. State,* 51 Ark. 147, 10 S. W. 228, 14 Am. St. Rep. 27.)

While it is apparent from the record that the remarks

complained of were purely inadvertent, and were not intended to influence the jury, yet this fact does not render them any less prejudicial to the defendant than if the judge had deliberately and intentionally made them for the express purpose of impressing upon the jury his opinion respecting the guilt or innocence of the defendant.

The judgment of the court below is reversed, and a new trial granted.

FRICK, J., concurring.

STRAUP, J. (concurring.)

I concur with the conclusion reached by the Chief Justice that the deed was properly admitted in evidence as an admission of the defendant that he and Grace D. Greene were husband and wife, and that they bore such a relation to each other; that it was inadmissible as a declaration of Grace D. Greene; and that, had a proper request been made, the court should so have instructed the jury. I, however, do not concur with the remark that such an admission of the defendant could only be considered by the jury "in connection with evidence of cohabitation and repute," etc. The effect of such an admission, the weight to be given it, and whether it is sufficient or insufficient to authorize a finding of the jury that the defendant was a married man is not now before us. All we are called upon to decide is, was the evidence properly admitted? The test of its admissibility cannot be made to depend upon the question of its sufficiency.

I also concur in a reversal of the judgment because of the remarks of the court in passing on the motion to direct a verdict. I think, however, that it is entirely proper for a court in the presence of the jury to state its reasons for a ruling. And, as the claim was made that the evidence was insufficient to show that the defendant was a married man, I think the court could properly have called attention to the evidence which the court thought bore on the question, and could have expressed his opinion on such evidence so far as it was neces-

sary to explain the ruling. The remarks, however, went beyond this. They were unnecessary to explain the ruling. They were expressions of an opinion as to the weight and effect of the evidence referred to, the conclusion that ought to be drawn from it, and an indirect intimation of the court's belief as to the defendant's guilt. For these reasons I think they were improper.