# STATE v. MOORE.

No. 2088.    Decided November 13, 1909 (105 Pac. 293).

1. ADULTERY—INDICTMENT—FORM.    Under Comp. Laws 1907, sec. 4731, prescribing a form of indictment, and section 4732, declaring that it must be direct and certain regarding the party, the offense charged, and the particular circumstances of the offense when necessary to state a complete offense, an indictment charging a married woman with adultery by then and there feloniously "permitting" M. to have carnal knowledge of her body, etc., was not fatally defective, in that it did not charge her with having done anything, but only with permitting an act by another.    (Page 523.)

2. CRIMINAL LAW—EVIDENCE—ADMISSIONS BY ACCUSED.    Comp. Laws 1907, sec. 575, subd. 6, requires the sheriff to keep a record of each person arrested, showing the name, age, and place of birth, etc., in a book kept for that purpose. *Held*, that a statement by a married woman charged with adultery made to the sheriff, in which she stated her name, and that she was also the wife of M., was not a confession, though it was an admission of a fact essential to be proved in order to convict her of the offense, and was admissible as evidence of the marriage.    (Page 524.)

3. ADULTERY—PROOF OF MARRIAGE—ADMISSIONS.    In a prosecution for adultery, voluntary and unequivocal admissions by accused on various occasions that she was the wife of M. were sufficient to prove the fact of marriage.[1]    (Page 525.)

---

[1] State v. Thompson, 31 Utah 228, 87 Pac. 709; State v. Greene, 34 Utah 897, 94 Pac. 987.

APPEAL from District Court, Fourth District; *Hon. J. E. Booth,* Judge.

Elizabeth Moore was convicted of adultery, and she appeals.

AFFIRMED.

*J. W. N. Whitecotton* for appellant.

*A. R. Barnes,* Attorney-General, for the state.

APPELLANT'S POINTS.

The evidence is insufficient as matter of law to show that the defendant is a married woman, the wife of C. H. Moore. The only evidence upon that subject is the statements attributed to the defendant, and that is not sufficient under the authorities. In the case of *Miner v. The People,* 58 Ill. 59, the Supreme Court of Illinois said: "Adultery is criminal intercourse between a married person, and one of the opposite sex, whether married or single. It is a criminal offense. To sustain it there must be proof of actual marriage. Reputation and cohabitation and repute are not sufficient. There must be strict proof of the fact." In the case of *People v. Humphrey,* 7 Johnson 314, the Supreme Court of New York, said: "In prosecutions for bigamy, the mere confession of the party is not sufficient evidence of the first marriage; there must be proof of a marriage in fact." In the case of *The People v. Lambert,* 5 Mich. 349, the Supreme Court of Michigan said: "A defendant cannot be convicted of bigamy where the only evidence of the first marriage is proof of the cohabitation of the parties as man and wife, and their statements that such marriage had taken place." The same doctrine was reiterated in the case of *People v. Isham,* 109 Mich. 72.

FRICK, J.

Appellant was convicted of the crime of adultery. After the overruling of motions in arrest of judgment and for a new trial, the court entered judgment imposing the statutory penalty for the offense, and the appellant appeals.

The first error assigned relates to the sufficiency of the information. After charging that the appellant was a married woman and the wife of one C. H. Moore, and that she, on a certain date, in the county of Utah, State of Utah, committed the crime of adultery with one Arthur J. Morrow, the information contains a description or statement of how the offense was committed in the following language: "By then and there feloniously permitting the said Arthur J. Morrow to have . . . carnal knowledge of her body," etc. Counsel for appellant now insists that this did not charge her with having committed the offense, but rather charged Morrow with having done so. In other words, it is contended that, by the language quoted above, appellant is not charged with having done anything, but only with permitting something to be done by another. By referring to section 4731, Comp. Laws 1907, it will appear that the information in this case substantially complies with the form there prescribed for stating how an offense was committed. Moreover, the information responds to the requirements of section 4732, and is clearly sufficient. Counsel for appellant contends that the offense was completely charged in the information before the words which we have quoted were added to it. If this were so, then the information would still be sufficient, and the statement quoted by us would be mere surplusage and harmless. (Joyce on Indictments, secs. 421, 422.) We are clearly of the opinion that the information is not vulnerable to the criticisms alleged against it by counsel. This assignment must therefore be overruled.

The next assignment relates to the ruling of the court in admitting in evidence against the appellant certain admissions or statements made by her to the sheriff of Utah County and his wife while appellant was in the custody of the sher-

iff. Counsel for appellant in his brief sets forth the sheriff's testimony, as follows: "On the morning of the 23d of June, I went into the room with my wife and asked her her name, age, and residence, as we do in those cases for record; and at that time is when I asked her. She said her name was Mrs. Elizabeth Moore. I asked her if she was the wife of C. H. Moore, and she said she was." The sheriff claimed that he obtained the foregoing information from appellant pursuant to subdivision 6, sec. 575, Comp. Laws 1907. In that section the duties of the sheriff are prescribed, and subdivision 6 aforesaid provides that he shall "receive and safely keep all persons duly committed to his custody . . . and keep a record of each, showing the name, age, and place of birth, particularly describing the person, in a book kept for that purpose." It is urged by appellant's counsel that the foregoing statements made by her were in the nature of a confession, and, as the information referred to was required by statute, and appellant was required to disclose the same to the sheriff, that, therefore, the statements **2** were not voluntary, and hence should have been excluded. If the statute required a person to state anything in the nature of a confession or admission of guilt, the question raised by counsel would be a serious one. It will be seen at a glance, however, that the information which the sheriff is required to obtain from a prisoner under the statute in no way relates to any offense that an accused person may be charged with. It certainly cannot seriously be contended that merely giving one's name, age, and place of birth is in the nature of a confession of guilt. But it is contended that the sheriff went farther than this in asking the appellant whether or not "she was the wife of C. H. Moore." Grant this, and still the statement made by appellant that she was the wife of Mr. Moore was not in the nature of a confession of guilt. True it is, that, in order to constitute the offense with which she was charged, it was essential under our statute (section 4210, Comp. Laws 1907) to prove that she was a married woman, and the wife of some man other than the one with whom the act charged was com-

mitted. To admit that she was a married woman and the wife of Mr. Moore, however, was not also an admission that she had committed the offense charged. It was, at most, an admission of a fact which was essential to be proved in order to convict her of the offense charged. The admission of such a fact, however, does not come within what are termed confessions or admissions of guilt, as these terms are treated and applied by the courts and law-writers. It has frequently been held that in prosecutions for either adultery or bigamy, admissions or statements made by the accused that he is a married man, are ordinarily not to be treated as confessions of guilt, and that such admissions or statements are admissible against him as evidence of marriage only, and not as confessions of guilt. The distinction between confessions and such admissions or statements is clearly stated, and applied in the following, among other, cases: *People v. Strong,* 30 Cal. 151, 157; *People v. Parton,* 49 Cal. 632, 637; *Taylor v. State,* 37 Neb. 788, 56 N. W. 623. See, also, 3 Ency. of Ev., pp. 322, 323; 12 Cyc. 423. But, in any event, the record affirmatively shows that the statements made by the appellant were purely voluntary. When the sheriff asked her what her name was, she, as the record shows, replied: "Mrs. Elizabeth Moore." The sheriff testified that, upon receiving this answer, "I asked her if she was the wife of Charles, or, rather C. H. Moore, and she said she was." This statement or admission was clearly admissible against the appellant under the circumstances disclosed by the record, and the court, therefore, did not err in the ruling complained of.

Counsel for appellant further insists that the evidence is insufficient to establish the fact of the marriage of appellant. The proof with respect to this marriage is based upon the admissions or statements of appellant, and upon the fact that she for about two months preceding the alleged offense, lived and cohabited with the C. H. Moore, referred to above, as his wife. The evidence in this regard in substance was to the effect that in April preceding the month of June in which the offense is alleged

to have been committed the appellant and said Moore rented a room for light housekeeping from a Mrs. Senior, who was a witness for the state; that the appellant and said Moore lived together in said room as husband and wife for about two months; and that the appellant spoke of said Moore as her husband during the time that they lived in said room. On cross-examination counsel for appellant, in referring to her and Mr. Moore, asked the witness certain questions. Such questions and the witness' replies thereto are as follows: "Q. What did she say about him? A. She would speak about Mr. Moore as her husband to me. Q. Did she ever tell you they were married? A. Yes, sir. . . . Q. She told you they had been married? A. Yes, sir." The sheriff's wife, another witness for the state, in substance, testified that the appellant while she was confined in jail prior to the trial frequently spoke of Mr. Moore as her husband, and called him her husband, and said that the 3d day of August was the anniversary of her wedding day. The statements by the appellant that she was the wife of Mr. Moore were made on various occasions and to different persons. These statements were made voluntarily and unequivocally. Notwithstanding this, counsel for appellant insists that these admissions on the part of appellant were insufficient to establish the fact of marriage. We think the modern authorities are clearly to the contrary. We have recently held in two cases, namely, *State v. Thompson,* 31 Utah 228, 87 Pac. 709, and *State v. Greene,* 33 Utah 497, 94 Pac. 987, that admissions of marriage by the accused were admissible to prove that fact in prosecutions for adultery. In an early case appealed from this territory to the Supreme Court of the United States—*Miles v. United States,* 103 U. S. 311, 26 L. Ed. 481—that court held that in a prosecution for bigamy the marriage could be proved by the admissions of the defendant. (*United States v. Miles,* 2 Utah 19.) The following cases all hold that in prosecutions for adultery the admissions of the accused that he was married, and that his wife was alive when the alleged offense was committed, are admissible to prove the fact of

marriage, and that such admissions without further evidence, are sufficient to sustain a finding of marriage. (*State v. Goodrich*, 14 W. Va. 834; *State v. Medburry*, 8 R. I. 543; *Boger v. State*, 19 Tex. App. 91; *State v. McDonald*, 25 Mo. 176; *Commonwealth v. Holt*, 121 Mass. 61; *State v. Libby*, 44 Me. 469, 474, 69 Am. Dec. 115; *State v. Still*, 68 S. C. 37, 46 S. E. 524, 102 Am. St. Rep. 657.) In 3 Ency. Ev. 323, the law upon this subject is stated as follows: "Thus in the prosecution of an offense where proof of the marriage of the accused is essential, the fact may be proved by his admission of the fact." Cases in support of this text are cited from a number of jurisdictions, and we refer the reader to the Encyclopedia of Evidence without citing the cases here. The admissions of marriage made by the appellant were properly admitted in evidence against her. The weight and effect to be given them were questions for the jury, and, as the admissions were of the character which authorized the jury to find the fact of marriage from them as made, this assignment cannot be sustained.

The further objection is made that the evidence in regard to the adulterous act is insufficient to establish the offense charged. It would subserve no good purpose to set forth even the substance of the evidence which was before the jury upon this point. Some of it is not of that character which we would care to repeat; hence it must suffice to say that in our judgment the evidence was ample from which the jury could infer that the act constituting the offense charged had actually taken place. Counsel for appellant frankly concedes that the state had proved all the essential facts from which the guilt of appellant might have been inferred, but he contends that the state went further and negatived the inferences, and thus left them without probative force. Whether this was so or not was, however, a question to be determined by the jury, and is not a question of law for the court. The jury, under instructions from the court as to the law, none of which is complained of, passed upon the weight and effect of the evidence, and, in view that there is competent evidence in support of every element constitu-

ting the offense charged, and, as we have pointed out, the record discloses no errors of law, we are powerless to interfere.

The judgment, therefore, should be affirmed. It is so ordered.

STRAUP, C. J., and McCARTY, J., concur.