## STATE v. SPRINGER.

No. 2239.   Decided December 27, 1911.   Rehearing Denied March 20, 1912 (121 Pac. 976).

1. CRIMINAL LAW — FORMER JEOPARDY — DEMURRER — MOTION TO QUASH. Accused filed written objections to the information, entitled "motion to set aside information," which recited that it appeared by the justice's record, which was made a part of the motion, that accused had not prior to the filing of the information had the legal and statutory right of a preliminary examination for the offense charged in the information, and that all proceedings at the pretended preliminary examination were void as well as the commitment to answer to the district court, wherefore accused prayed that the information be set aside and quashed and that he be discharged. *Held*, in view of the fact that Comp. Laws 1907, sec. 4779, only authorizes demurrers to informations for defects appearing upon the face thereof, that the motion could not be treated as a demurrer to

the information, but was a motion under section 4771 permitting an information to be set aside when it fails to recite that accused had been duly committed, and hence the order sustaining the motion would not bar another prosecution for the same offense under section 4783, providing that, if a demurrer be allowed, the judgment shall be final upon the information, and bar another prosecution for the same offense. (Page 476.)

2. INDICTMENT AND INFORMATION—RECITALS IN INFORMATION—PRELIMINARY TRIAL—EFFECT OF RECITALS. A recital in the information that accused had been duly committed by a magistrate was not conclusive of that fact, but could be rebutted by accused. (Page 477.)

3. INDICTMENT AND INFORMATION—MOTION TO QUASH—PRELIMINARY EXAMINATION. Under Comp. Laws 1907, sec. 4771, providing that an information may be set aside when it fails to recite that defendant had theretofore been duly committed by a magistrate, etc., and under the statutes relating to the filing of informations an objection that accused has not had a proper preliminary examination may be raised by a motion to quash the information, upon sustaining which the proceedings will be stayed until the objection is removed. (Page 477.)

4. MOTIONS—PURPOSE OF REMEDY. In absence of a method provided by statute or court rules by which objection to a defect in a proceeding may be made, it may be done by a motion supported by affidavits if necessary. (Page 477.)

5. CRIMINAL LAW—FORMER JEOPARDY—ORDER QUASHING INFORMATION. In view of Comp. Laws 1907, sec. 4771, providing that an information will be set aside when it fails to recite that accused had been duly committed by a magistrate, under section 4776, contained in the same chapter, and providing that an order to set aside an information as provided in the chapter shall not be a bar to a future prosecution for the same offense, an order quashing an information for failure to show due commitment would not bar a subsequent prosecution for the same offense. (Page 478.)

6. CRIMINAL LAW—TRIAL—PROVINCE OF COURT—PLEA OF FORMER JEOPARDY. Where the sufficiency of a plea of former jeopardy is purely a question of law, its determination is for the court, so that since Comp. Laws 1907, sec. 4776, provides that an order setting aside an information as provided in this chapter shall not be a bar to a future prosecution for the same offense, whether such an order will be a former jeopardy so as to bar a subsequent prosecution should be determined by the court according to the statute, and not submitted to the jury.[1] (Page 478.)

---

[1] State v. Creechley, 27 Utah, 142, 75 Pac. 384.

7. COURTS—DECISIONS—CONSTRUCTION. General language in a decision will be construed, if possible, so that in applying it concretely it will not lead to absurd results or contradict other rules of law. (Page 479.)

8. ADULTERY—EVIDENCE—MARRIAGE RECORD. A certified copy of a marriage record is not admissible to prove a marriage without identifying the persons named therein as the persons claimed to have been married.[2] (Page 480.)

9. ADULTERY—ADMISSION OF EVIDENCE—MARRIAGE LICENSE. In a prosecution for adultery, a certified copy of a marriage record showing accused's marriage with a woman other than the one he was charged to have had intercourse with was admissible in evidence. (Page 481.)

10. CRIMINAL LAW—INSTRUCTIONS—REQUESTS—INSTRUCTIONS ALREADY GIVEN. Accused cannot complain of the refusal of requested charges covered in substance by the general charge. (Page 482.)

11. LEWDNESS—UNLAWFUL COHABITATION. Sexual intercourse is not a necessary element in the crime of unlawful cohabitation. (Page 482.)

APPEAL from District Court, Fifth District; *Hon. Joshua Greenwood,* Judge.

A. P. Springer was convicted of adultery and appeals.

AFFIRMED.

*A. C. Hatch* for appellant.

*A. R. Barnes,* Attorney-General, and *Geo. C. Buckle* and *E. V. Higgins,* Assistant Attorneys-General, for the State.

FRICK, C. J.

Appellant was convicted of the crime of adultery, which in this state is a felony. From the judgment, by which he was sentenced to a term at hard labor in the state prison, he appeals.

---

[2] State v. Thompson, 31 Utah, 228, 87 Pac. 709.

Before entering upon the trial, appellant with his plea of not guilty also interposed a plea of former acquittal. It is contended that the court erred in not submitting that plea to the jury to be passed on as a question of fact.

The plea is based upon the following proceedings, to wit:

A complaint was filed before a justice of the peace of Juab County, Utah, charging appellant with the crime of adultery. A preliminary hearing was had upon such complaint, and appellant was held to answer to the district court of the county aforesaid. In due time the district attorney filed an information in the district court of said county, charging appellant with adultery, and for which, it was alleged in said information, appellant had "been duly committed" to said court by a magistrate. To this information appellant filed certain objections in writing, entitled, "Motion to set aside information." The motion was based upon the following grounds:

"That it appears by the record of the justice's court of Eureka precinct, Juab County, State of Utah, duly filed in this court, which said record is hereby made a part of this motion, that the defendant herein has not at any time prior to the filing of this information had the legal and statutory right of a preliminary examination for the offense attempted to be set forth and charged in the said information, or for any offense at all; and that all proceedings at the pretended preliminary examination were and are illegal and void, and that the commitment herein to answer to this court is also illegal, null, and void. Wherefore the defendant prays this court that said information be set aside and quashed, and that he be ordered discharged."

This motion was filed on the 14th day of October, 1909. The record does not in terms disclose what disposition the district court made thereof, but the record does show that on the same day that the motion was filed a new complaint charging appellant with the same offense was filed before the judge of the district court of Juab County, before whom the motion was filed, and he, in accordance with our statute, entertained the new complaint while sitting as a magistrate

and not as a district court. Appellant was again arrested upon a warrant duly issued upon said complaint, and he, when brought before said district judge sitting as a magistrate with the consent of the state, waived a preliminary examination upon the charge contained in the new complaint aforesaid. He was again held to answer to the district court of said county. The district attorney in due time filed an information based upon said new complaint and examination had thereon before said district judge sitting as a magistrate. To the last information filed as aforesaid appellant interposed a special demurrer, which, upon consideration by the district court, was sustained, and the district attorney, pursuant to Comp. Laws 1907, sec. 4783, was, by said district court, ordered to file an amended information covering the same offense, which was done. A trial was had upon said amended information, which resulted in a conviction, as before stated.

The plea of former acquittal, it seems, was based upon section 4783, *supra,* which reads as follows:

"If the demurrer is allowed, the judgment shall be final upon the information or indictment referred to, and shall be a bar to another prosecution for the same offense, unless the court, being of the opinion that the objection on which the demurrer is allowed may be avoided in a new information or indictment, directs that a new information be filed, or that the case be resubmitted to the same or another grand jury."

Counsel for appellant strenuously insists that the plea of former acquittal was well founded, and should have been submitted to the jury, for the reason that the motion to set aside the information, to which we have referred, was, in legal effect, a demurrer; that, because a new complaint charging appellant with the same offense had been filed before the judge sitting as a magistrate, it must be assumed that said motion was sustained by the district court of Juab county as a demurrer, and the information to which said motion was directed was held bad. It is contended, therefore, that in view that said motion was, in legal effect, a

demurrer, and for the reason that the record does not affirmatively show that the district court made an order directing a new or amended information to be filed, the judgment sustaining the motion as a demurrer is final under section 4783, *supra*. It may be said, however, that, if we may assume that the court sustained said motion without an affirmative showing to that effect, we may also assume that in doing so the court made the necessary order with regard to the filing of another complaint. If to assume one of the foregoing facts is favorable to regularity, so is the other. In the event, therefore, that such an order was made, the filing of the information upon which the prosecution and conviction are based would be authorized and regular, even though it were held that the motion should be treated as a demurrer to the information.

We are, however, of the opinion that the motion should not be treated as a demurrer to the information. This is so for the reason that under section 4779 demurrers to informations or indictments can only be interposed when the defect appears "upon the face thereof." The defects set forth in the motion in question did not appear upon the face of the information to which the motion was directed. This is at once apparent from an inspection of the motion itself. Moreover, the motion was no doubt intended to be based upon section 4771, which provides that an information may be set aside (1) "when it fails to recite that the defendant had theretofore been duly committed by a magistrate; (2) when the names of the witnesses heard for the state at the examination are not indorsed thereon, and (3) when it is not signed by the proper attorney." The information in question did recite that appellant had been duly committed by a magistrate, but he nevertheless insisted, and, as we think, had the constitution right to insist, that he had not had the preliminary examination contemplated by article 1, sec. 13, of the Constitution of this state.

We are also of the opinion that the appellant was not conclusively bound by the recital referred to in the information filed against him, but that he could chal-

lenge that recital, and when the challenge was timely interposed, and when it was made to appear to the district court that the appellant had not had the preliminary examination contemplated by the Constitution, it was its duty to set aside or quash the information, and to direct that an opportunity to have a proper preliminary examination be given the appellant. This, we think, is the usual course pursued by the courts under statutory and constitutional provisions like ours.

In Nebraska, where the statutory provisions with regard to prosecutions by information after a preliminary examination are in substance like our own, it has repeatedly been held by the Supreme Court of that state that an objection that a defendant has not had a preliminary examination for the offense charged in the information filed against him is properly raised by a motion to quash the information. It is also held by that court that if the statement that the defendant had not had a preliminary examination is found to be true, and the motion is timely interposed, it should be sustained, the information quashed, and the proceedings stayed until the accused has been given a preliminary examination or an opportunity to waive the same as contemplated by law. (*Davis v. State,* 31 Neb. 247, 47 N. W. 854; *Coffield v. State,* 44 Neb. 417, 62 N. W. 875; and *Dinsmore v. State,* 61 Neb. 418, 85 N. W. 445.) While section 4771, *supra,* does not in terms authorize a motion worded like the one in question to be filed, it is, nevertheless, manifest from all the statutory provisions upon the subject of filing complaints and informations that the defendant at the proper time must be given an opportunity to insist upon and to enforce his constitutional rights with regard to being given a preliminary examination.

It is a universal rule of common law recognized by all courts of record for centuries that, where there is no statutory method nor a rule of court by which a defect in any proceeding may be called to the attention of the court, it may always be done by a motion, which, if necessary, may be supported by affidavit or other

evidence. In this case it would seem that the state confessed the motion. At any rate, the record does not show that it was contested. We think the motion to set aside the information was properly and timely interposed, but whether the ruling of the district court thereon, whatever it may have been, was right or wrong, is not, under the record as presented, a question for determination now.

If we are right in our conclusions so far, it must follow that the appellant's plea of former acquittal had no basis to rest on either in fact or law. This is so because by section 4776, which is part of the chapter in which is found section 4771, *supra*, which provides for the setting aside of an information by the court, it is expressly provided that "an order to set aside an information or indictment, as provided in this chapter, shall be no bar to a future prosecution for the same offense." That section is a verbatim copy of section 999 of the Penal Code of California. The Supreme Court of that state, in construing said section, held that, whatever effect may be given to other provisions of the statute, that in adopting the foregoing section, it was nevertheless, made clear that the legislature intended that the quashing or setting aside of an information should not be a bar to any further prosecution of the offense charged in the information that was quashed or set aside. (*People v. Breen*, 130 Cal. 72, 62 Pac. 408.) That this is a proper construction of section 4776, *supra*, in our judgment, scarcely admits of a doubt.

But counsel insists that, in view of the decision of this court in the case of *State v. Creechley*, 27 Utah, 142, 75 Pac. 384, appellant had the unqualified right to have the issue raised by his plea of former acquittal submitted to and passed upon by the jury as a question of fact, and that because the trial court refused to so submit said issue that appellant was deprived of a substantial right. It must be conceded that the prevailing opinion in the Creechley Case contains some general statements from which, if taken literally, it might be inferred that, under all circumstances where a plea of former ac-

quittal is interposed, the courts have no alternative, but must submit the issue raised by the plea to the jury to be passed on by it as a question of fact.

It is a fundamental rule of construction, however, which is of universal application, that, where general language is employed in a statute or decision, it will, if possible, be so construed that in applying it to concrete cases it will not lead to absurd results or be so construed as to annul other plain provisions of law. To illustrate our meaning, let us assume that A., who is charged with the crime of larceny, interposed a plea of former acquittal upon the ground that at a trial duly had he was acquitted of the crime of assault and battery. Every lawyer would at once say that the issue raised by such a plea ought not to be submitted to the jury, but should summarily be disposed of by the court as a question of law, for the reason that to submit such an issue to the jury might lead to an absurd result. Is it not pertinent to ask in what way does the plea in the case at bar differ in principle from the plea in the supposed case just mentioned? To submit the plea to the jury in the case at bar to be passed on by them as a question of fact must inevitably result in ignoring section 4776, which, as we have seen, expressly provides that the facts set forth in the plea in question do not constitute a bar to another prosecution for the same offense, and hence cannot legally amount to a former acquittal. Can a question that is determined by statute as a matter of law, nevertheless, be submitted to the jury to be determined as a matter of fact? The mere statement of the proposition also answers it. The appellant, therefore, had no right to have his plea of former acquittal submitted to the jury as a question of fact, and the trial court committed no error in refusing to do so. The question being one of law, the trial court could have directed the jury to find the issue raised by the plea in favor of the state as was done in *People v. Ammerman*, 118 Cal. 28, 50 Pac. 15, or he could withdraw the whole matter from the consideration of the jury. The trial court pursued the latter course by directing the

jury that they need pay no attention to the plea of former
acquittal. The court thus disposed of the plea as matter
of law. The appellant no doubt had a right to have the
court pass up the plea in some form so that he might have
the question involved reviewed on appeal. This the court
did, and counsel has found no difficulty in presenting the
question for review to this court upon the record as made
by the trial court. Appellant, therefore, has not been preju-
diced in any legal right, and hence cannot complain.

Lest a misunderstanding might arise with regard to
whether the general rule laid down in the Creechley Case is
hereby modified, we remark that if what is said in the ma-
jority opinion in that case be so construed as to require the
trial courts to sumbit a plea of former acquittal to the
jury as a question of fact under all circumstances, even
where, like in this case, the question is one purely of law,
then the decision in that case is modified to the extent that,
where the question raised by such a plea is one of law
merely, the court must determine it.

The further contention is made that the court erred in
admitting in evidence a certified copy of a marriage record
as evidence of the alleged marriage of appellant to a woman
other than the one with whom the alleged offense was
committed. It is contended that the parties men-
tioned in the record aforesaid were not sufficiently      **8**
identified to authorize the admission of the same
as evidence of a marriage. The authorities are not unani-
mous with regard to whether a marriage record without first
identifying the parties named therein is admissible as evi-
dence of the marriage. The better rule seems to be that
where, as in this state, no legal marriage can be consum-
mated without first obtaining a license authorizing the same,
which, together with the certificate of the official who sol-
emnized the marriage authorized in the license, must be
recorded in a public record kept for that purpose, that a
certified copy of the record is at least evidence of what it
states. It is, however, held that, without further identity
of the parties named in the record, it is, if standing alone,

not sufficient to prove that, because the parties before the court bear the same names as those mentioned in the record, therefore, they are the same and identical parties that the record states were married. Under this rule, which we think is the better one, a certified copy of the marriage record is admissible in evidence without first identifying the parties named therein, but, if no further proof of their identity is produced, the marriage of the unidentified parties is not legally proved or established. (Bishop, Mar. Div. & Sep., sec. 990 et seq.; Snowman v. Mason, 99 Me. 490, 59 Atl. 1019; Dailey v. Frey, 206 Pa. 227, 55 Atl. 962.) See, also, State v. Thompson, 31 Utah, 228, 87 Pac. 709, as having some bearing upon the question that a certified copy of a marriage record is proper evidence. The precise question here decided is, however, not passed on there.

For the foregoing reasons, we think that the court committed no error by admitting the certified copy of the marriage record in evidence. We are also of the opinion that there was sufficient circumstantial evidence, when considered in connection with appellant's conduct, which was not disputed, to authorize the jury to infer    9 that the appellant was the identical person named in said marriage record, and that the woman whom it is therein certified that he married was a woman other than the one with whom it was alleged he had the sexual intercourse, constituting the offense charged against him. The record was, therefore, also admissible upon the latter ground, and we think the marriage of the appellant was sufficiently proved to justify a finding that he was a married man with a wife living at the time the offense in question was committed.

But we think there is still another reason why the assignment now under consideration cannot prevail. When the certified copy of the marriage record was offered in evidence, one of the objections interposed was that the parties named therein had not been identified. The court held that the parties would have to be identified, but seemed to be of the opinion that such identification could be made

40 Utah 31.

as well after as before the record was introduced in evidence. This, therefore, presented a question merely of the order of proof, as was the case in *Hydraulic, etc., Co. v. Christensen,* 38 Utah, 525, 114 Pac. 524. In that case we held that, under such circumstances it is not error to admit the proposed document in evidence, but that, in case the required identification is not made, the party desiring to save the question for review by this court must either move to strike the document from the record or ask the court to direct the jury not to consider it as evidence. If the party makes such a motion or request and the court refuses both, he may, after taking a proper exception, present the question for review to this court. Under the authority of that case, therefore, the alleged error is also unavailing to the appellant.

It is further insisted that the court erred in refusing certain requests to charge. An examination of the whole charge as given by the court convinces us that the substance of all the requests which would have been proper was fully covered by the court's general charge. The appellant, therefore, has no cause for complaint.

Nor is the contention tenable that the appellant, if guilty of anything, is guilty merely of unlawful cohabitation under our statute, and not adultery.

Sexual intercourse is not a necessary ingredient in the crime of unlawful cohabitation. We are of the opinion, however, that in this case the evidence was such as justified the jury in finding that the appellant had sexual intercourse with a woman other than his wife as charged in the information. The evidence in this regard, if not more so, was at least as convincing in this case as it was in the case of *State v. Moore,* 36 Utah, 521, 105 Pac. 293, where a conviction for the crime of adultery was sustained. All that is there said upon the question of the sufficiency of the evidence relating to the sexual act applies with equal force to this case.

We are convinced that the record discloses no prejudicial error, and the judgment is therefore affirmed.

McCARTY and STRAUP, JJ., concur.